**Robert WHALEN, Executor of the Estate of Katherine B. Whalen, Deceased, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 86–2997.

United States Court of Appeals, Seventh Circuit.

Argued April 22, 1987.

Decided Aug. 13, 1987.

William L. Hatch, Hatch, Blockman, McPheters & Feherenbacher, Champaign, Ill., for plaintiff-appellant.

Janet Kay Jones, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before POSNER and FLAUM, Circuit Judges, and WILL, Senior District Judge.*

WILL, Senior District Judge.

Katherine B. Whalen died on April 14, 1977. In her will, Whalen devised nearly one hundred acres of Illinois farm land to her three sons and stepdaughter, Catherine Brown. Whalen's estate claimed special use valuation under § 2032A of the Internal Revenue Code, 26 U.S.C. § 2032A, for all of the farmland. The Internal Revenue

---

* The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation.

Service denied special use valuation for the quarter interest devised to Catherine Brown, finding that a stepchild was not a "qualified heir" as required by § 2032A. A magistrate and the district court agreed with the IRS determination.

On appeal, the estate concedes that a stepchild such as Catherine Brown is not a qualified heir,[1] but contends that § 2032A did not require that property pass to a qualified heir until the section was amended by the Revenue Act of 1978, Pub.L. No. 95-600, § 702(d)(1), 92 Stat. 2928. In the estate's view, the application of a 1978 law to the estate of a woman dying in 1977 violates the fifth amendment's due process clause. Because we find that the 1978 amendment of § 2032A did not change but merely clarified preexisting law, we affirm the district court's decision denying the estate's claim for refund.

Section 2032A allows certain property used in family farming and closely-held businesses to be valued, for purposes of the federal estate tax, on the basis of its actual use at the time of the decedent's death rather than its "highest and best use." *Estate of Cowser v. Commissioner,* 736 F.2d 1168, 1170 (7th Cir.1984). The congressional purpose in enacting § 2032A was to protect the devisees of family farms and closely-held businesses from having to sell the property to pay the federal estate tax. *Id.* Briefly summarized, § 2032A requires that each of the following conditions be met to establish eligibility for special use valuation: (1) the decedent must have been a citizen or resident of the United States; (2) the property must be located in the United States; (3) the property must have been used at the time of the decedent's death as a farm or in a trade or

business by the decedent, or by a member of the decedent's family; (4) there must be "material participation" in the operation of the farm or business by the decedent or a member of the decedent's family; and (5) the property must pass to a qualified heir, who must be a member of the decedent's family. *Estate of Abell v. Commissioner,* 83 T.C. 696, 699 (1984).

The question we must decide is whether the last of these requirements—that the recipient of the property be a qualified heir—was present in § 2032A as originally enacted in 1976 or was added by the section's 1978 amendment. If a qualified heir has been required all along, the 1978 amendment will have deprived the Whalen estate of nothing and we can affirm without proceeding further. If it was first required in 1978, however, the retroactive application of the amendment to the Whalen estate will implicate, which is not to say that it will necessarily *violate,* the due process clause.

The estate correctly notes that the 1976 version of § 2032A did not explicitly require that "qualified real property" be devised to a qualified heir in order to be eligible for special use valuation. The language italicized below was not added until the 1978 amendment, so that the statute now reads in pertinent part:

> the term "qualified real property" means real property located in the United States *which was acquired from or passed from the decedent to a qualified heir of the decedent and* which, on the date of the decedent's death, was being used for a qualified use....

26 U.S.C. § 2032A(b)(1) (emphasis added). Nevertheless, a fair reading of the Tax

---

**1.** At the time of Whalen's death, subsection (e)(1) of § 2032A defined a qualified heir as "a member of the decedent's family who acquired such property (or to whom such property passed) from the decedent." Subsection (e)(2), in turn, defined "member of the family" as including "only such individual's ancestor or lineal descendant, a lineal descendant of a grandparent of such individual, the spouse of such individual, or the spouse of any such descendant." The same subsection further provided that "a legally adopted child of an individual shall be treated as a child of such individual by

blood." Catherine Brown was never legally adopted and was not a member of the family under any other provision of § 2032A.

In 1981, Congress amended § 2032A(e)(2) so that a lineal descendant of the decedent's spouse, such as a stepchild, also could qualify as a "member of the family." This amendment, however, was made applicable only to the estates of decedents dying after December 31, 1981. Pub.L. 97-34, §§ 421(i), 421(k)(1), 95 Stat. 312, 313. It is therefore inapplicable to this case, as the district court correctly ruled.

Reform Act of 1976 and its legislative history supports the government's interpretation. First, the inclusion in the 1976 Act of a definition of qualified heir (in subsections (e)(1) and (e)(2) of § 2032A, *see supra* n. 1), suggests that Congress viewed this as a prerequisite of eligibility for special use valuation. Moreover, both the House Ways and Means Committee Report and the Joint Committee Report list inheritance by a qualified heir as one of the basic requirements for special use valuation.[2] The historical documents therefore confirm what is implied by the Act's structure and text, which is that for an estate to obtain special use valuation, the decedent's property must pass to a qualified heir.

The history of the 1978 amendment provides further support for this interpretation.[3] The amendment was introduced on April 28, 1977, two weeks after Katherine Whalen's death, as part of the Technical Corrections bill, H.R. 6715, 95th Cong., 1st Sess. (1977). Containing "technical, clerical, conforming and clarifying amendments to provisions enacted by the Tax Reform Act of 1976," H.R.Rep. No. 700, 95th Cong., 1st Sess. 1 (1977), the bill was passed by the House and reported by the Senate Finance Committee with the following observations:

**Clarification of the Rules Relating to Special Use Valuation**

\* \* \* \* \* \*

**Reasons for Change**

Under present law, it is not clear whether, if the estate otherwise qualifies for the portion satisfying the percentage tests, other property which is used in a qualifying use can be valued under the special use valuation rules when it passes to nonfamily members—that is, persons who are not qualified heirs.

The intent of Congress was to provide special use valuation only for property which remained in the hands of the decedent's family and which was being used for a qualified use both before and after the decedent's death.

S.Rep. No. 745, 95th Cong., 2d Sess. 82 (1978); *accord,* H.R.Rep. No. 700, *supra,* at 69. The Senate combined the Technical Corrections bill with another tax bill then pending before it, H.R. 13511, 95th Cong., 2d Sess. (1978), and passed the combined legislation as the Revenue Act of 1978, Pub.L. 95–600, 92 Stat. 2763. The specific amendment we are concerned with here, adding the qualified heir language to § 2032A(b)(1), was given an effective date of December 31, 1976, the same as the 1976 provision which it clarified. *See* Pub.L. 95–600, § 702(d)(6), 92 Stat. 2928.

▪ The House and Senate reports make clear that Congress viewed the 1978 amendment to § 2032A as correcting a technical defect rather than enacting a substantive change in the law. Though the views of a subsequent Congress as to the intent of a prior one are not necessarily binding, they may provide persuasive evidence. *See Red Lion Broadcasting Co. v. FCC,* 395 U.S. 367, 380–81, 89 S.Ct. 1794, 1801, 23 L.Ed.2d 371 (1969); *Estate of Cowser, supra,* 736 F.2d at 1172. This is particularly true where, as here, the time between enactments is short, no conflicting judicial or administrative interpretations have been issued in the interim, and the clarification constitutes a plausible reading of the original statute.

▪ We hold that § 2032A, as originally enacted in 1976, required that property be

---

**2.** The committee reports both state that:
To qualify for this special use valuation ... (4) the real property qualifying for special use valuation must pass to a qualified heir; ....
H.R.Rep. No. 1380, 94th Cong. 2d Sess. 22, *reprinted in* U.S.Code Cong. & Ad.News 2897, 3376; Staff of the Joint Committee on Taxation, General Explanation of the Tax Reform Act of 1976, 94th Cong., 2d Sess. 538, *reprinted in* 1976–3 Cum.Bull. (Vol. 2) 550.

**3.** The amendment provided:

CLARIFICATION THAT SPECIAL VALUATION APPLIES ONLY TO INTERESTS PASSING TO QUALIFIED HEIRS.—Paragraph (1) of section 2032A(b) (defining qualified real property) is amended by striking out "real property located in the United States" and inserting in lieu thereof "real property located in the United States which was acquired from or passed from the decedent to a qualified heir of the decedent and".
Pub. L. 95–600, § 702(d)(1), 92 Stat. 2763.

passed to a qualified heir in order to qualify for special use valuation. As such, the 1978 clarifying amendment to that section did not change the law and was not retroactive in any substantive sense. Given this holding, we need not address the constitutional question raised by the estate. Due process is not offended by legislation that removes ambiguities from the law without changing the law's effect.

The estate's final argument, that the IRS improperly reopened the case after issuing the estate a closing letter, was not presented to the magistrate or the district court and is therefore waived. *National Fidelity Ins. Co. v. Karaganis,* 811 F.2d 357, 360 (7th Cir.1987).

AFFIRMED.