VICTORIA MARTINEZ, Plaintiff-Appellant, v. ADMIRAL MAINTE-
NANCE SERVICE, Defendant-Appellee.

First District (5th Division)  No. 86—0090

Opinion filed June 26, 1987.

George L. Gaines, of Gaines & Gaines, of Chicago, for appellant.

C. Harker Rhodes, Jr., and Katharine B. Devoid, both of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from the December 9, 1985, order of the circuit court which denied rehearing of the order which dismissed her two-count complaint with prejudice. She contends that the decision of the Illinois Department of Labor hearings referee, adopted by the Illinois Department of Labor Board of Review, denying her unemployment compensation benefits because she was discharged for misconduct connected with her work, did not preclude an action in the circuit court based on retaliatory discharge.

We affirm.

Pertinent to our disposition are the following facts. Plaintiff was employed by defendant from September 4, 1976, to August 30, 1983, at which time she was fired. On August 17, 1982, the plaintiff filed an application for adjustment of claim with the State of Illinois Industrial Commission for the injuries she sustained while working on April 6, 1982. The application was still pending before the Industrial Commission on the date defendant terminated the plaintiff's employment. Plaintiff alleges that on June 15, 1983, she was told by an agent of defendant that her work would be closely scrutinized as a result of the filing of the application. On August 30, 1983, plaintiff was late to work and was subsequently fired.

Shortly after her discharge plaintiff applied for and received unemployment compensation benefits. Defendant appealed that grant of unemployment benefits before a hearings referee of the Illinois Department of Labor. The hearings referee, after hearing the evidence presented, ruled against plaintiff, concluding that:

"The claimant's continued tardiness after so many warnings indicates a conscious disregard of the employer's best interests. She was discharged for misconduct connected with work."

Pursuant to statute, plaintiff appealed to the Board of Review of the Department of Labor. In its decision the Board of Review adopted the findings of fact and decision of the hearings referee and disqualified plaintiff from receiving unemployment benefits. Plaintiff did not appeal the decision of the Board of Review.

Plaintiff then filed the instant action in the circuit court of Cook County alleging that defendant wrongfully discharged her for exercising her rights and remedies under the Illinois Workers' Compensation Act. (Ill. Rev. Stat. 1985, ch. 48, par. 138.4.) Defendant moved to dismiss pursuant to section 2—619 of the Illinois Code of Civil Procedure

(Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(4)) alleging that an essential element of plaintiff's claim, the cause of her discharge, had been adjudicated in a prior proceeding between the parties. On September 3, 1985, defendant's motion was granted. On September 27, 1985, plaintiff filed a motion for rehearing. On December 9, 1985, that motion was denied.

OPINION

■ The doctrine of *res judicata* bars a second adjudication where there is a former adjudication on the merits by a court of competent jurisdiction. (*Yan v. Beeghly* (1982), 109 Ill. App. 3d 627, 440 N.E.2d 1066.) In order to invoke the bar of *res judicata* an identity of parties, subject matter, and the cause of action must exist between the two actions. *O'Neil v. Delaney* (1980), 92 Ill. App. 3d 292, 415 N.E.2d 1260.

Plaintiff contends that the Illinois Department of Labor's (Department's) finding is not binding upon her subsequent retaliatory discharge action because the claims do not constitute the same cause of action. We do not agree. To prevail in an action for retaliatory discharge an employee must show that he was discharged in violation of clearly mandated public policy. *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 503 N.E.2d 308.

■ Plaintiff was terminated because of excessive tardiness. The termination of her employment was therefore not in violation of clearly mandated public policy. Furthermore, the identical issue of why plaintiff was fired was presented in both proceedings. The Department found that the firing of plaintiff was not wrongful. Plaintiff is precluded pursuant to the doctrine of *res judicata* from now alleging that her discharge was wrongful.

■ However, plaintiff also contends that the doctrine of *res judicata* is inapplicable because the issue of whether her termination was a result of her rights under the Workers' Compensation Act was never raised before the Department. This contention misapprehends the application of the doctrine of *res judicata*. When properly invoked the judgment in the former suit is conclusive not only as to all questions actually decided, but also as to all questions which could have been litigated in the action. *Neuberg v. Michael Reese Hospital & Medical Center* (1983), 118 Ill. App. 3d 93, 454 N.E.2d 684.

■ In the proceedings before the Department plaintiff alleged that she was wrongfully discharged. The record does not reveal her specific allegations in support of her claim. Nevertheless, the Department found that plaintiff was discharged as a result of continued tar-

diness. In the instant case, plaintiff again alleges that she was wrongfully discharged, specifying that her discharge was the result of her filing her claim with the Department. The circuit court correctly ruled that the finding that plaintiff was not wrongfully discharged has a preclusive effect upon this litigation. *Res judicata* is designed to enhance judicial economy by prohibiting repetitive litigation and to protect litigants from the burden of repetitive litigation. *Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 447 N.E.2d 834.

■ Plaintiff had an opportunity to raise her claim of retaliatory discharge before the hearings referee to show that defendant's charge of excessive tardiness was pretextual. Having failed to raise in the Department of Labor her contention that she was fired for filing a workers' compensation claim, plaintiff is precluded by *res judicata* from raising it now.

■ In addition plaintiff contends that if she is barred from bringing a cause of action for retaliatory discharge, she has a civil tort cause of action against the defendant for interfering with, restraining or coercing her in the exercise of her rights under the Workers' Compensation Act. In support of this contention, plaintiff cites *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353. In *Kelsay* our supreme court recognized a cause of action against an employer for discharging an employee in retaliation for his filing a workers' compensation claim. We find *Kelsay* inapplicable. More on point is *Cook v. Optimum/Ideal Managers, Inc.* (1984), 130 Ill. App. 3d 180, 473 N.E.2d 334, wherein the court held that an employee does not have a cause of action against his employer for coercing the employee in the exercise of his rights under the Workers' Compensation Act. The court in *Cook* distinguished the *Kelsay* holding on the ground that the policy consideration which gave rise to the creation of a cause of action for retaliatory discharge in *Kelsay*, lack of a remedy under the Workers' Compensation Act, was not present in the action before it. The employee in *Cook* alleged that the employer had refused to make disability payments and had refused to supply the employee with a copy of a medical exam ordered by the employer in violation of the Workers' Compensation Act. In finding that the employee had failed to state an independent cause of action, the court noted that the Workers' Compensation Act prohibits the employer from interfering with, restraining or coercing the employee in the exercise of the rights and remedies granted to him by the Act, but that the Workers' Compensation Act provides for specific remedies caused by the employer's improper conduct. (Ill. Rev. Stat. 1985, ch. 48, par. 138.4(h).) The court did not believe that a cause of action in the circuit court

should be implied from section 4(h).

In so holding the court cited *Robertson v. Travelers Insurance Co.* (1983), 95 Ill. 2d 441, 451, 448 N.E.2d 866, which held:

> "To permit such a course would invite the indefinite prolonging of litigation and risk double recoveries and inconsistent findings of fact, a result which the legislature, in enacting a system of compensation in place of common law remedies certainly wished to avoid."

Similarly, we find there to be no independent cause of action upon which plaintiff can base her recovery. Her remedy was exclusively within the Workers' Compensation Act.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.