MONTY OSBORNE, Plaintiff-Appellant, v. STEVE KELLY, d/b/a American Sport and Taxidermy, Defendant-Appellee.

Fourth District   No. 4—90—0336

Opinion filed January 17, 1991.

Thomas R. Appleton, of Morse, Giganti & Appleton, of Springfield, for appellant.

Sorling, Northrup, Hanna, Cullen & Cochran, of Springfield (John A. Kauerauf, of counsel), for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court granting summary judgment for defendant in plaintiff's suit for retaliatory discharge. The court granted summary judgment based on the *res judicata* effect of an earlier administrative decision denying plaintiff unemployment benefits. That administrative decision was affirmed by the circuit court on administrative review. Plaintiff contends that *res judicata* was improperly attached to the administrative decision. We affirm.

Resolution of this case requires an inquiry into the facts and circumstances of the prior administrative action. Plaintiff's employment by defendant ended in December 1988. Plaintiff filed for unemployment benefits with the Department of Employment Security, asserting that he was discharged for threatening to file a workers' compensation claim. After a contested hearing, the Board of Review found that plaintiff voluntarily left work without good cause attributable to defendant. Based thereon, the Board concluded that plaintiff was disqualified for unemployment benefits pursuant to section 601(A) of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 431(A)). This decision was affirmed by the circuit court pursuant to the provisions of the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*). (Osborne v. American Sport & Taxidermy (April 2, 1990, Cir. Ct. Cass Co.), No. 89—MR—23.) No further appeal was taken.

During the pendency of the administrative action, plaintiff filed this lawsuit against his former employer, alleging he was discharged for threatening to file a workers' compensation claim and seeking damages for retaliatory discharge.

Plaintiff contends that *res judicata* cannot attach to the decision of the Board of Review to bar litigation of his lawsuit for retaliatory discharge because (1) a decision of an administrative agency is not *res judicata* in a subsequent civil action, and (2) even if *res judicata* can apply in a proper case, it is inapplicable here because a cause of action for unemployment benefits is not identical to a cause of action for retaliatory discharge.

*Res judicata* is a judicial doctrine comprised of two corollary branches known as estoppel by judgment and estoppel by verdict, sometimes called collateral estoppel. Both operate to preclude relitigation of

claims or issues previously decided. Estoppel by judgment, however, has a broader, preclusive effect and will bar an identical cause of action between the same parties or their privies as to all matters and defenses that were raised or could have been raised in the original action. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251-52, 461 N.E.2d 959, 961-62.) Causes of action are not distinguishable for purposes of *res judicata* based on differences in the claims for relief. (*Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 157, 421 N.E.2d 278, 285.) The test is whether the causes of action are based on a common core of operative facts and whether the evidence necessary to sustain the second verdict would have sustained the first. *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 376, 444 N.E.2d 205, 208.

██ █ The narrower branch, estoppel by verdict or collateral estoppel, will bar relitigation of identical issues in a subsequent action between the same parties on a different claim or cause of action, provided the issues were actually litigated, determined, and necessary to the verdict in the initial action. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432, 447 N.E.2d 834, 838.) The policies underlying both branches include certainty and finality to litigation, consistency of judgments, and judicial economy by disposition of all claims and grounds for relief in a single action. These policies are as relevant to the administrative process as they are to the judicial.

██ It is well established that *res judicata* can preclude litigation of causes of action or issues already addressed in an administrative proceeding that is judicial in nature. (*Hughey v. Industrial Comm'n* (1979), 76 Ill. 2d 577, 394 N.E.2d 1164; *Pedigo v. Johnson* (1985), 130 Ill. App. 3d 392, 474 N.E.2d 430; *Godare v. Sterling Steel Casting Co.* (1981), 103 Ill. App. 3d 46, 430 N.E.2d 620; *Martinez v. Admiral Maintenance Service* (1987), 157 Ill. App. 3d 682, 510 N.E.2d 1122.) The proceedings underlying the decision of the Board of Review are judicial in nature. Procedures for adjudicating disputed unemployment claims are mandated by statute and provide for judicial review. (Ill. Rev. Stat. 1989, ch. 48, pars. 450 through 530.) The administrative determination of plaintiff's claim was reached after a sufficiently extensive and adversarial hearing, conducted under oath and on the record. Where *res judicata* applies, it attaches to the administrative decision, rather than to the decision of the circuit court when judicial review is sought, as long as there is no discrepancy between the two. *Edwards v. City of Quincy* (1984), 124 Ill. App. 3d 1004, 1012-13, 464 N.E.2d 1125, 1131-32.

Plaintiff cites *Godare* for the proposition that the Board of Review's finding of ineligibility for unemployment benefits does not apply to bar a private cause of action for retaliatory discharge. However, plaintiff mis-

construes the holding in *Godare*. That court did not find that *res judicata* principles were inapplicable to administrative proceedings. Rather, the court found neither branch of *res judicata* applied because the issues in plaintiff's action for compensation benefits were not identical to the issues in the subsequent suit for pension benefits. *Godare*, 103 Ill. App. 3d at 51-52, 430 N.E.2d at 623-24.

To determine whether either branch of *res judicata* is applicable to bar plaintiff's current cause of action for retaliatory discharge, we first look to see what issues, facts, and evidence were presented in the administrative action denying plaintiff unemployment compensation benefits and what decisions the Board of Review made. The Board found plaintiff ineligible for unemployment benefits because the evidence failed to support plaintiff's contention that he was discharged; instead, the Board found that plaintiff had voluntarily left his employment without good cause attributable to the employer. (See Ill. Rev. Stat. 1989, ch. 48, par. 431(A) (limiting eligibility for benefits).) In comparing the issues in the unemployment benefits claim with plaintiff's retaliatory discharge claim, we note that the current action requires plaintiff, as a threshold matter, to prove employer discharge as an element of his retaliatory discharge action. (*Hinthorn v. Roland's of Bloomington, Inc.* (1988), 119 Ill. 2d 526, 529, 519 N.E.2d 909, 911.) This is identical to the issue of plaintiff's employment termination present before the Board of Review and decided adversely to him. Because, in both proceedings, the parties and the issue are identical, the agency adjudication has conclusively established plaintiff's employment termination to be voluntary, and estoppel by verdict bars plaintiff from relitigating this issue. Because plaintiff cannot now prove the necessary element of discharge, his retaliatory discharge action fails. No genuine issue of material fact remains, and defendant is entitled to summary judgment as a matter of law.

Because estoppel by verdict disposes of plaintiff's claim for retaliatory discharge, we need not comment on whether estoppel by judgment, as discussed in *Martinez v. Admiral Maintenance Service* (1987), 157 Ill. App. 3d 682, 510 N.E.2d 1122, would also be applicable to the administrative decision.

We affirm the judgment of the circuit court of Cass County granting summary judgment for defendant.

Affirmed.

GREEN and KNECHT, JJ., concur.