JOSEPH E. COLVETT, Plaintiff-Appellant, v. L. KARP AND SONS, INC.,
Defendant-Appellee.

First District (6th Division)   No. 1—90—1129

Opinion filed March 22, 1991.

Arthur E. Engelland & Associates, of Chicago, for appellant.

Kovar, Nelson, Brittain, Sledz & Morris, of Chicago (Matthew B. Schiff and Mark N. Fishman, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Joseph E. Colvett, appeals from an order of the trial court granting the motion of defendant, L. Karp & Sons, to dismiss his complaint pursuant to section 2—619(a)(4) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(4)). The trial court ruled that the complaint alleging retaliatory discharge was barred under the doctrine of *res judicata*.

Plaintiff was employed by defendant as a warehouseman from September 8, 1987, until May 18, 1988. On February 24, 1988, plaintiff sustained a work-related back injury, was placed on temporary total disability, and was paid worker's compensation benefits. On April 17, 1988, while plaintiff was receiving worker's compensation, an investigator employed by defendant photographed and videotaped plaintiff carrying furniture from his old residence to a new home. On May 2, 1988, plaintiff was confronted with this evidence and was discharged.

Plaintiff filed an unemployment claim with the Illinois Department of Employment Security (DES). On July 26, 1988, an adjudicator for DES denied plaintiff's claim. On August 10, 1988, a hearing was conducted by a DES referee who reversed the adjudicator's finding and awarded unemployment benefits to plaintiff.

Defendant appealed the referee's decision to the DES Board of Review (Board). On February 27, 1989, the Board reversed the referee's decision and held that plaintiff's actions in carrying furniture

while accepting temporary total disability was a wilful injury to defendant and justified termination of his employment. Plaintiff did not appeal the DES decision, and it became final on March 27, 1989.

On December 30, 1988, plaintiff filed the present complaint alleging retaliatory discharge. Defendant filed its motion to dismiss, and after receiving briefs and hearing oral argument, the trial judge granted defendant's motion. The court held that the DES decision barred plaintiff's retaliatory discharge complaint under the doctrine of *res judicata*. On·appeal plaintiff maintains that the finding of the trial court was erroneous.

■ An employee is entitled to redress for discharge from employment in retaliation for an employee's assertion of rights under the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*). (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353.) In order to recover for retaliatory discharge for filing such a claim, plaintiff must establish, among other things, that his discharge was causally related to the filing of the claim. (*Lewis v. Zachary Confections Co.* (1987), 153 Ill. App. 3d 311, 505 N.E.2d 1087.) The failure to establish a retaliatory motive by the employer is fatal to an action for retaliatory discharge. *Lewis v. Zachary Confections Co.*, 153 Ill. App. 3d 311, 505 N.E.2d 1087.

Here, there was a final, unappealed decision of DES which established that plaintiff's discharge was unrelated to the filing of his worker's compensation claim. DES found that plaintiff had failed to establish a retaliatory motive on the part of defendant.

■ In *Martinez v. Admiral Maintenance Service* (1987), 157 Ill. App. 3d 682, 510 N.E.2d 1122, this court held that an employee's claim for retaliatory discharge is barred in another action by the *res judicata* effect of a DES decision rejecting a retaliatory discharge. The *Martinez* holding is dispositive of the issue before us, and we adhere to its ruling. As in *Martinez*, the doctrine of *res judicata* applies here because the parties, the subject matter, and the cause of action were the same in the DES proceedings as in the present action. Plaintiff is thus barred by *res judicata* from bringing the present action.

We find no merit in plaintiff's alternative argument that section 1900 of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 640) provides that the decisions of DES are confidential and inadmissible in any other civil action.

■ At the time of the present DES decision, section 1900 provided:

"Disclosure of information—Privileged communications. Ex-

cept as is hereinafter provided in this Section, information obtained from any individual or employing unit pursuant to the administration of this Act shall be confidential and shall not be published or be open to public inspection, nor be used in any court in any action or proceeding pending therein, nor be admissable in evidence in any action or proceeding other than one arising out of the provisions of this Act." Ill. Rev. Stat. 1987, ch. 48, par. 640.

In 1989, the legislature amended section 1900, broadening the scope of the confidentiality of information obtained in DES proceedings. (Ill. Rev. Stat. 1989, ch. 48, par. 640.1.) However, the legislature confined itself to the confidentiality of *information* received. The Act has never stated nor suggested, and in our view wisely so, that a final decision of DES would not be available in another proceeding. We believe that the legislature intended the term "information" to include all investigative materials received from the parties during DES proceedings. We also believe that a final DES decision based on the evidence may be used in other proceedings in order to defeat attempts to relitigate such decisions. The decision here was properly before the trial court.

We also reject plaintiff's argument that even if the DES decision was properly available to the trial court in the present case, the court erred in taking judicial notice of that decision in the present case. A copy of the decision, the authenticity of which has not been challenged, was attached to defendant's motion to dismiss. It is well settled that a court may take judicial notice of a prior administrative decision. (*Rasky v. Anderson* (1978), 62 Ill. App. 3d 633, 379 N.E.2d 1.) In any event, plaintiff offered into evidence the deposition testimony of a DES employee which contained a copy of the DES decision. Plaintiff may not complain about the trial court's taking of judicial notice of the decision.

Finally, without extended discussion, we reject defendant's claim that it should be awarded attorney fees and costs. Defendant makes this claim pursuant to Supreme Court Rule 375 (134 Ill. 2d R. 375) on the ground that plaintiff's appeal is frivolous. We do not find the appeal to be frivolous.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Judgment affirmed.

RAKOWSKI, P.J., and LaPORTA, J., concur.