JAMES NEIL LOWRANCE, Plaintiff-Appellant, v. MARION PEPSI-COLA BOTTLING COMPANY, Defendant-Appellee.

Fifth District No. 5—90—0775

Opinion filed November 7, 1991.—Rehearing denied December 18, 1991.

624

CHAPMAN, J., specially concurring.

Paul Thomas Austin, of Marion, for appellant.

Elizabeth J. Dibble, of Marion, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, James Neil Lowrance, brought an action in the circuit court of Williamson County to recover damages from defendant, Marion Pepsi-Cola Bottling Company (the Company). Plaintiff's complaint was in two counts. Count I alleged that the Company had discharged plaintiff in retaliation for filing a workers' compensation claim. Count II claimed that the Company had wrongfully refused to award him an all-expense-paid Hawaiian vacation he had won as part of a company sales promotion. On the Company's motion, the circuit court entered summary judgment against plaintiff on count I of his complaint. The circuit court made an express written finding that there was "no just reason for delaying enforcement or appeal," and this appeal followed. (134 Ill. 2d R. 304(a).) We reverse and remand for further proceedings.

As grounds for its summary judgment motion, the Company argued that plaintiff was precluded from bringing a civil action for retaliatory discharge because of the *res judicata* effect of an earlier administrative decision which had denied plaintiff unemployment benefits on the grounds that he had actually left the Company's employ voluntarily. In support of its *res judicata* claim, the Company submitted six documents that the Illinois Department of Employment Security had sent to it. These included a notice that plaintiff had filed an unemployment claim; a statement from the Illinois Department of Labor, Bureau of Employment Security, Division of Unemployment Insurance, that plaintiff had not received a waiting-period credit or benefits for "any week of unemployment including or subsequent to 12-21-86"; a "Notice of Claims Adjudicator's Determination"; a "Notice of Reconsideration and Appeal" from the Division of Unemployment

Insurance; a "Notice of Appeal and Hearing" from the Department of Employment Security; and a "Referee's Decision" from the Benefit Appeals Subdivision of the Department of Employment Security which dismissed the plaintiff's appeal on the grounds that he had failed to appear at the hearing for that appeal.

These documents indicated that plaintiff was ineligible for unemployment benefits because he had "left work voluntarily" within the meaning of section 601 of the Unemployment Insurance Act (Ill. Rev. Stat. 1989, ch. 48, par. 431). Although plaintiff did not seek judicial review of this determination, the circuit court agreed with the Company that it had preclusive effect and prevented plaintiff from now attempting to assert that he was a victim of a retaliatory discharge. In support of its position, the circuit court cited *Martinez v. Admiral Maintenance Service* (1987), 157 Ill. App. 3d 682, 510 N.E.2d 1122, which found that a plaintiff could not bring an action for retaliatory discharge where the Board of Review of the Illinois Department of Labor had upheld a decision denying plaintiff unemployment benefits on the grounds that she had been discharged for misconduct connected with her work. Subsequent to the circuit court's ruling, a similar result was reached in *Osborne v. Kelly* (1991), 207 Ill. App. 3d 488, 565 N.E.2d 1340, which affirmed summary judgment against an employee in a retaliatory discharge case where the employee had previously been denied unemployment benefits on the grounds that he had voluntarily left his employment without good cause attributable to the employer.

Plaintiff argues that this precedent was incorrectly decided and should be rejected. We need not reach this issue, however, for plaintiff raises a more fundamental objection to the trial court's decision. He asserts, as he did before the trial court, that under the express language of section 1900 of the Unemployment Insurance Act (Ill. Rev. Stat. 1989, ch. 48, par. 640), the documents related to his unemployment compensation claim were inadmissible and could not be used in any fashion in his civil action. This argument was not raised in either *Martinez* or *Osborne*, but we believe that it is dispositive. Section 1900 of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 640) expressly states:

> "Except as provided in this Section, information obtained from any individual or employing unit during the administration of this Act shall:
> 1. be confidential,
> 2. not be published or open to public inspection,

3. not be used in any court in any pending action or proceeding,

4. not be admissible in evidence in any action or proceeding other than one arising out of this Act."

The cloak of confidentiality created by this statute is not limited to the actual information provided by the claimant or the employing unit. It embraces all evidence concerning whether an individual is or is not receiving unemployment benefits. Accordingly, it has been held that in a civil action unrelated to the Unemployment Insurance Act, the fact that the plaintiff received unemployment cannot be disclosed even where it is based not on Department records, but on testimony by a Department employee based on his own knowledge and recollection. (*Smith v. Illinois Valley Ice Cream Co.* (1959), 20 Ill. App. 2d 312, 320, 156 N.E.2d 361, 365.) The statute has also been construed to bar a grand jury from considering evidence that an individual has received unemployment compensation benefits even where the very target of the grand jury's investigation was whether the individual's receipt of those benefits was fraudulent and constituted theft in violation of section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 16—1). *People v. Ellis* (1984), 128 Ill. App. 3d 180, 470 N.E.2d 524.

A contrary position was recently taken by a panel of the Appellate Court, First District, in *Colvett v. L. Karp & Sons, Inc.* (1991), 211 Ill. App. 3d 731, 570 N.E.2d 611, but that case was able to reach the result it did only by ignoring the foregoing precedent. *Smith v. Illinois Valley Ice Cream Co.* (1959), 20 Ill. App. 2d 312, 156 N.E.2d 361, and *People v. Ellis* (1984), 128 Ill. App. 3d 180, 470 N.E.2d 524, were not even mentioned. Instead, the court relied on the language of section 1900.1 of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 640.1). By its terms, however, that provision is only concerned with protecting employers and others from being sued for slander and libel based on communications made in the administration of the Unemployment Insurance Act (Ill. Rev. Stat. 1989, ch. 48, par. 300 *et seq.*). It has nothing whatever to do with the situation now before us.

The Company protests that it would be unfair to permit plaintiff to take advantage of the confidentiality rule of section 1900 of the Unemployment Insurance Act (Ill. Rev. Stat. 1989, ch. 48, par. 640) in his civil action for retaliatory discharge. Our *dictum* in *McMahon v. Richard Gorazd, Inc.* (1985), 135 Ill. App. 3d 211, 224, 481 N.E.2d 787, 796, notwithstanding, we find this argument unpersuasive. Section 1900 of the Unemployment Insurance Act (Ill. Rev. Stat. 1989, ch. 48, par. 640) enumerates specific situations where information ob-

tained during the administration of the Act can be disclosed. Civil actions for retaliatory discharge are not among them. The legislative mandate as expressed in the Act is clear and unambiguous. Information obtained in accordance with the Act cannot be used in any court in any collateral litigation. Just as a court cannot create an exception under the Act for situations involving malice or fraud (see *People v. Ellis* (1984), 128 Ill. App. 3d 180, 183, 470 N.E.2d 524, 526), we will recognize no exception for unfairness. If the question of disclosure should be based on a weighing of equities, that is something which the legislature must address.

For the foregoing reasons, the Company should not have been permitted to adduce the various documents related to plaintiff's unemployment compensation claim. As those documents were central to the circuit court's entry of summary judgment, the circuit court's decision cannot stand. Accordingly, the order of the circuit court of Williamson County granting summary judgment in favor of the Company on count I of plaintiff's complaint is reversed, and this cause is remanded for further proceedings consistent with our opinion.

Reversed and remanded.

GOLDENHERSH, J., concurs.

JUSTICE CHAPMAN, specially concurring:
While I concur with the result reached by the majority, I cannot agree with its reasoning in its entirety. The case must be reversed and remanded as the admission of defendant's exhibit B, the "Reason for Separation-Explanation" form, which was filled out by the plaintiff himself, was a clear violation of section 1900 of the Unemployment Insurance Act (Ill. Rev. Stat. 1989, ch. 48, par. 640). However, I find the opinion of the majority too sweeping, in its claim that section 1900 "embraces all evidence concerning whether an individual is or is not receiving unemployment benefits" (221 Ill. App. 3d at 626). This is untenable. Such a broad assertion flies in the face of the plain language of the statute and creates a dilemma where none need exist. The evidence found privileged in *Smith* and *Ellis* involved a statement and questionnaires provided by an employee and employer, respectively, to the Department of Labor (Department). These are clearly examples of "*information* obtained from any individual or employing unit" (emphasis added) (Ill. Rev. Stat. 1989, ch. 48, par. 640) and, as such, were properly found privileged under the statute. But *Smith* clearly states that "the prohibition of the statute is not di-

rected to records of the Department of Labor, but rather *** the disclosure of 'information obtained from any individual.' " (*Smith v. Illinois Valley Ice Cream Co.* (1959), 20 Ill. App. 2d 312, 320, 156 N.E.2d 361, 365.) These decisions are not factually inconsistent with *McMahon* or *Colvett*, both of which dealt with the use of Department records and final decisions, not information obtained from any claimant or employer.

My disagreement is with the majority's broad language. It may be that Department records and decisions are so intertwined with the "information obtained" that not even the final decision should be used, or it may be that the Department's final decision could be reviewed independently of the information obtained. This question, however, was not addressed by the trial court. I would not hold, as does the majority, that all documents in the file are inadmissible. I would reverse so that the trial court could examine the documents to determine whether the "information obtained" is so intertwined with the final decision as to preclude the latter's admissibility.

As the trial court's ruling on the issue I have addressed could eliminate the issue of *res judicata*, I will not address it further other than to note that I have serious misgivings about its application in cases of this type. To impose an administrative tribunal's finding on either the employee or the employer in a future retaliatory discharge action may not be fair to either. The administrative hearing may be concerned with only a few hundred dollars while the retaliatory discharge suit may involve a claim of several hundred thousand dollars and may be accompanied by a punitive damages count. I point this out not to suggest that smaller claims do not merit the consideration that larger claims do, but to emphasize that either side might treat the smaller claim more lightly. This rationale is evidenced by the exclusion of prior traffic court convictions. (*Smith v. Andrews* (1965), 54 Ill. App. 2d 51, 62, 203 N.E.2d 160, 166.) These convictions often result from expediency, convenience or compromise. Such rulings often lack the adequate assurances of reliability and constitutional safeguards to warrant admission, much less grant *res judicata* effect. (*Hengels v. Gilski* (1984), 127 Ill. App. 3d 894, 910, 469 N.E.2d 708, 721.) Likewise, the automatic imposition of *res judicata* effect under the instant circumstances may not be appropriate.