**Jay V. BUSH, Plaintiff,**

v.

**COMMONWEALTH EDISON CO., Defendant.**

No. 89 C 652.

United States District Court, N.D. Illinois, E.D.

July 6, 1992.

Robert Samuel Bates, Jr., Jacobs, Burns, Sugarman & Orlove, William M. Stevens, McBride, Baker & Coles, Randall D. Schmidt, Mandel Legal Aid Clinic, Fern H. Zittler, Munro & Zittler, Richard Wayne Oloffson, Taylor, Miller, Sprowl, Hoffnagle & Merletti, Barbara J. Sullivan, B.J. Sullivan & Associates, Chicago, IL, for plaintiff.

Pamela Bristow Strobel, Linzey D. Jones, Sidley & Austin, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Jay Bush has moved under Federal Rule of Civil Procedure 59(e) to alter or amend this court's decision granting defendant Commonwealth Edison Co.'s ("Edison") motion for summary judgment. That decision, dated November 25, 1991, disposed of Bush's Title VII discriminatory discharge claim, his 42 U.S.C. § 1981 (1988) discriminatory failure to promote allegation, and his common law retaliation theory. *Bush v. Commonwealth Edison Co.*, 778 F.Supp. 1436 (N.D.Ill.1991).

Bush now suggests that his § 1981 claim should be reinstated because the Civil Rights Act of 1991 "has significantly changed the controlling law and applies to this case." Memorandum at 3 (original 59(e) motion).[1] We stayed briefing on Bush's Rule 59(e) motion pending a ruling from the Seventh Circuit regarding the retroactive application of the Civil Rights Act of 1991. Minute Order at 1 (Dec. 13, 1991). Prior to that Seventh Circuit decision, Bush moved to expand the scope of his motion to alter or amend, contending that his com-

---

1. Bush's argument with respect to his § 1981 claim is not limited to our November 25, 1991 opinion granting summary judgment. He also seeks to alter or amend an earlier decision rejecting a § 1981 racial demotion, failure to promote, and discharge claim based on *Patterson v.* *McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). *See Bush v. Commonwealth Edison Co.*, 732 F.Supp. 895, 900 (N.D.Ill.1990). With leave of court, Bush amended his § 1981 allegations following the *Patterson*-based dismissal.

**810**

mon law retaliation claim should also be reinstated. He points out that, effective August 13, 1991 (or some three months prior to our summary judgment decision), the Illinois legislature amended § 1900 of the Illinois Unemployment Insurance Act, Ill.Ann.Stat. ch. 48, para. 640 (Smith–Hurd 1992 Supp.). In knocking out the retaliatory discharge part of Bush's complaint, we found that a state administrative decision determining that a worker's discharge was for misconduct operated as a res judicata bar to a subsequent retaliatory discharge count. *Bush v. Commonwealth Edison Co.*, 778 F.Supp. at 1448–49 (citing *Martinez v. Admiral Maintenance Serv.*, 157 Ill.App.3d 682, 110 Ill.Dec. 91, 510 N.E.2d 1122 (1st Dist.), *appeal denied*, 116 Ill.2d 561, 113 Ill.Dec. 302, 515 N.E.2d 111 (1987); *Colvett v. L. Karp & Sons, Inc.*, 211 Ill. App.3d 731, 156 Ill.Dec. 135, 570 N.E.2d 611 (1st Dist.1991)). The August 13, 1991 amendment to § 1900 makes it clear that the state administrative decision is not to constitute res judicata "in any action other than one arising out of this Act...." Ill. Ann.Stat. ch. 48, para. 640(B).[2]

Thus, we are faced with two questions of retroactive application—whether the Civil Rights Act of 1991 should be applied retroactively to save Bush's § 1981 cause of action, and whether amended § 1900 should reinstate Bush's common law retaliatory discharge claim.[3] Only the second question merits more than cursory examination.

### I.

■ As to the first question, Bush is clearly not entitled to a retroactive application of the substantive provisions of the Civil Rights Act of 1991. Indeed, Bush did not file a reply brief contesting this issue.

The law in this circuit, following *Mozee v. American Commercial Marine Service Co.*, 963 F.2d 929, 931 (7th Cir.1992), is that "courts should not retroactively apply statutory provisions that define the scope of a party's substantive rights and obligations at any stage of the proceedings" because "it is unfair to make persons accountable for acts that did not violate statutory laws when they were performed." *Id.* at 939. Accordingly, we deny Bush's Rule 59(e) motion as it applies to his § 1981 discriminatory failure to promote allegation.

### II.

■ The § 1900 issue is somewhat more interesting, if only because there is no definitive precedent like *Mozee* to guide us. Edison maintains that retroactive application of new § 1900(B) is inappropriate because the 1992 amendment constitutes a substantive change in the law. Bush, on the other hand, argues that the amendment merely "clarifies existing law," and may be retroactively applied.

As a review, this is the factual and procedural context of the instant dispute. Bush's common law retaliation count set forth charges that Edison impermissibly demoted, failed to promote, and discharged him. Only the retaliatory discharge allegation survived cursory review, *Bush v. Commonwealth Edison*, 778 F.Supp. at 1447–48, and Bush does not quarrel with this aspect of the November 25, 1991 decision. In the context of its summary judgment motion, Edison maintained that the determination of the Illinois Department of Employment Security ("IDES") that Bush was discharged for misconduct constituted res judicata on any such retaliatory discharge theory. *Id.* at 1448. We agreed, rejecting Bush's contention that IDES findings (as

**2.** In full, § 1900(B) reads:
No finding, determination, decision, ruling or order (including any finding of fact, statement or conclusion made therein) issued pursuant to this Act shall be admissible or used in evidence in any action other than one arising out of this Act, nor shall it be binding or conclusive except as provided in this Act, nor shall it constitute res judicata, regardless of whether the actions were between the same or related parties or involved the same facts.

Ill.Ann.Stat. ch. 48, para. 640(B).

**3.** Almost as an afterthought, Bush asserts at page 7 of his reply brief (motion to expand) that "[s]ince this Court did not dismiss Mr. Bush's retaliatory discharge claim until after § 1900 was amended ..., Mr. Bush is asking this Court to apply the amendment to § 1900 prospectively." As discussed in the text of this opinion, *infra*, this is not a compelling argument.

distinguished from information received at the hearing) are privileged under § 1900. *Id.* at 1449. Quoting *Colvett,* we noted that

> [t]he [Illinois Unemployment Insurance] Act has never stated nor suggested ... that a final decision of [I]DES would not be available in another proceeding. We believe that the legislature intended the term "information" to include all investigative materials received from the parties during [I]DES proceedings. We also believe that a final [I]DES decision based on the evidence may be used in other proceedings in order to defeat attempts to relitigate such decisions.

*Id.* (quoting *Colvett,* 211 Ill.App.3d at 734, 156 Ill.Dec. at 137–38, 570 N.E.2d at 613–14).

As an initial matter, there can be little doubt that even though the amendment to § 1900, not brought to the court's attention by either party prior to our November 25, 1991 ruling, actually predates that ruling by some three months, application of the amended § 1900 to this case would, subject to the discussion *infra,* be retroactive, not prospective. Bush filed his first complaint in this case on January 25, 1989, and, for what it is worth, his second amended complaint—the one on which Edison's summary judgment motion was granted—on March 16, 1990. The August 13, 1991 amendment postdates the commencement of this suit, and any application of it would necessarily be retroactive. *See Noyes v. Channel Prods., Inc.,* 935 F.2d 806, 809 n. 1 (6th Cir.1991) (statute enacted October 24, 1989; application, if any, to suit commenced in November 1987 would be retroactive); *see also Ogdon v. Gianakos,* 415 Ill. 591, 593–95, 114 N.E.2d 686, 687–88

(1953) (accident in question occurred November 17, 1948, suit filed November 15, 1949; amendment to relevant statute, effective August 10, 1949, was retroactively applicable).

■ Bush's best argument is that the amendment to § 1900 "made no substantive changes to the law," and rather "only made explicit that IDES decisions, as well as the information underlying them, are privileged." Reply at 3 (motion to expand). To Bush, the fact that some courts had, prior to the amendment, ruled in a manner consistent with his statutory interpretation is conclusive proof both that § 1900 was clear from the start, and that courts ruling in a manner contrary to his interpretation were wrong. The former conclusion is more important initially, because when an amendment merely clarifies an existing law, the general presumption that an amendment is to be applied only prospectively, absent an express statutory provision stating that it is to have retroactive effect, is inapplicable. *Continental Illinois Nat'l Bank & Trust Co. v. Lenckos,* 102 Ill.2d 210, 220, 80 Ill.Dec. 81, 85, 464 N.E.2d 1064, 1068, *cert. denied,* 469 U.S. 918, 105 S.Ct. 296, 83 L.Ed.2d 231 (1984).

■ The latter, perhaps implicit, conclusion in Bush's argument, however, demonstrates that the amendment to § 1900 was not just a clarification of existing law.[4] Indeed, we refused to accept Bush's interpretation of the statute the first time around because, in our view, the better case law analysis counseled that IDES decisions were to be given preclusive effect in subsequent actions between the same parties. *Bush v. Commonwealth Edison Co.,* 778 F.Supp. at 1448–49.[5] Legislative ef-

---

**4.** The contention that comments in the legislative history to the effect that the amendment to § 1900 was a "technical change" is, as Edison points out, irrelevant. *Lenckos,* 102 Ill.2d at 220, 80 Ill.Dec. at 85, 464 N.E.2d at 1068 (legislator's statements that amendment only a "clarification" was "not determinative"); *see also Rivard v. Chicago Fire Fighters Union,* 122 Ill.2d 303, 306–07, 119 Ill.Dec. 336, 338, 522 N.E.2d 1195, 1197 (chief sponsor of amendment argued that measure was procedural and ought to be applied retroactively; Illinois Supreme Court found amendment substantive and, therefore,

prospective), *cert. denied,* 488 U.S. 909, 109 S.Ct. 262, 102 L.Ed.2d 250 (1988).

**5.** Bush takes exception with the analysis in *Martinez* and *Colvett,* but also with our reading of *Lowrance v. Marion Pepsi–Cola Bottling Co.,* 221 Ill.App.3d 623, 164 Ill.Dec. 162, 582 N.E.2d 725 (5th Dist.1991), *appeal denied,* 144 Ill.2d 635, 169 Ill.Dec. 143, 591 N.E.2d 23 (1992). Bush insists that *Lowrance* and *Colvett* are directly at odds, in contrast with our determination that the two cases are not really contradictory. *Bush v. Commonwealth Edison Co.,* 778 F.Supp.

forts to correct judicial decisionmaking where there is an interpretative chasm must by definition entail more than "clarification"; the amendment to § 1900 was a change in the law, as much for Bush here as for the plaintiffs in *Martinez* and *Colvett*, let alone for those other litigants and prospective litigants who tailored their strategies in recognition of the split authority. *Cf. Whalen v. United States*, 826 F.2d 668, 670 (7th Cir.1987) (amendment only two years after original statute enacted merely clarified law and was not a substantive change where, *inter alia*, "no conflicting judicial or administrative interpretations ha[d] been issued in the interim").

▉▉▉ Amending § 1900 was substantive because the change " 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past.' " *Moshe v. Anchor Org. for Health Maintenance*, 199 Ill. App.3d 585, 600, 145 Ill.Dec. 681, 690, 557 N.E.2d 451, 460 (1st Dist.) (quoting *United States Steel Credit Union v. Knight*, 32 Ill.2d 138, 142, 204 N.E.2d 4, 6 (1965)), *appeal denied*, 133 Ill.2d 559, 149 Ill.Dec. 324, 561 N.E.2d 694 (1990). Prior to the amendment, Edison had no obligation or duty to defend itself against a common law retaliatory discharge claim brought by an employee who had been denied unemployment benefits pursuant to an IDES finding of discharge for misconduct; post-amendment, it will have (in any future case) such a duty, since "[n]o finding, determination, decision, ruling or order ... shall be admissible or used in evidence in any action other than one arising out of this Act, ... nor shall it constitute res judicata, regardless of whether the actions were between the same or related parties or involved the same facts." Ill.Ann.Stat. ch. 48, para. 640(B). When a statutory change "creates both new rights and new obligations which heretofore did not exist," it is a substantive change which may only be prospectively applied. *Moshe*, 199 Ill.App.3d at 600, 145 Ill.Dec. at 690, 557 N.E.2d at 460.

Bush's final hope for retroactive application lies in the express language of the amendment. The prospective presumption can be legislatively surmounted, either directly by express language or indirectly if a retrospective intent appears " 'by necessary or unavoidable implication.' " *Id.* at 602, 145 Ill.Dec. at 691, 557 N.E.2d at 461 (citation omitted). There is, however, no express language or necessary, unavoidable implication that mandates or suggests retroactive application.

### III.

In sum, Bush's Rule 59(e) motion with respect to the common law retaliatory discharge claim is, like his motion to reinstate the § 1981 count, denied. It is so ordered.

---

at 1449 n. 9. We reiterate that *Lowrance* "claims to reach a result contrary to *Colvett*," *id.*, but a close reading of the case and its holding reveals just the opposite. Any suggestion otherwise, perhaps in the majority's statement that § 1900's "cloak of confidentiality.... embraces all evidence concerning whether an individual is or is not receiving unemployment benefits," *Lowrance*, 221 Ill.App.3d at 626, 164 Ill.Dec. at 164, 582 N.E.2d at 727 (and, to be fair, a suggestion noted by Justice Chapman, who specially concurred in the result), is (1) not entirely persuasive, since "all evidence" is far from "final decision," and (2) pure dicta. The court's holding is that the employer "should not have been permitted to adduce the various documents related to plaintiff's unemployment compensation claim," *id.* at 165, 582 N.E.2d at 728, and that stance is consistent with our analysis and with our rationale that "there is a difference between information received"—evidence, all or otherwise—"and the final decision," "disclosure of the latter not violating § 1900." *Bush v. Commonwealth Edison Co.*, 778 F.Supp. at 1449 n. 9.