SIXTH DIVISION 

March 3, 2000

Nos. 1-98-4674 & 1-99-0198; Cons.

ROBERT WENIG,

Plaintiff-Appellant,

v.

LOCKHEED ENVIRONMENTAL SYSTEMS AND TECHNOLOGIES COMPANY, a foreign corporation, LOCKHEED MARTIN ADVANCED ENVIRONMENTAL SYSTEMS, a foreign corporation, and LOCKHEED MARTIN CORPORATION, a foreign corporation,

Defendants-Appellants.

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the 

Circuit Court

of Cook County

Honorable

Lee Preston,

Judge Presiding

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff appeals the circuit court’s dismissal of  his second and third amended complaints, which alleged defendants unlawfully discharged him in retaliation for “blowing the whistle” on their violations of the Federal Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA) (42 U.S.C. §9601 
et seq.
 (1994)), as later action is barred by (dictum of) 
res judicata.

On appeal, we consider whether dismissal of plaintiff's federal administrative retaliatory discharge proceeding “with prejudice” for want of prosecution constitutes a “judgment on the merits by a court of competent jurisdiction” and thus warrants dismissal of plaintiff's state statutory retaliatory discharge action as being barred under principles of 
res judicata
.  Because the orders of the circuit court were entered pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (1998)), our standard of review is 
de
 
novo
.  
Spiegel v. Hollywood Towers Condominium Assn.
, 283 Ill. App. 3d 992, 998 (1996), citing 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116-17 (1993).  We reverse and remand for trial.

According to plaintiff’s complaint, he was employed by Lockheed Environmental Systems and Technologies Company, a subsidiary of Lockheed Corporation (Lockheed), from 1991 to 1994.  His job as a senior scientist was to supervise organic chemical analyses of water brought to the Chicago laboratory of the United States Environmental Protection Agency (EPA) from sites that had been identified as toxic waste dumps within the scope of CERCLA.  

According to plaintiff's complaint, a supervisor ordered him to alter certain chemical test results.   Plaintiff, believing that such alteration would violate CERCLA,  refused and reported the suspected violation to Lockheed through confidential internal channels.  Then, another supervisor requested that he alter the test results.  Plaintiff refused and was subsequently demoted, barred from entering the laboratory and humiliated in various ways.  After he was demoted and barred from the lab, plaintiff again reported the suspected violation to Lockheed.  Lockheed informed plaintiff that he would be terminated and compelled him to resign.   According to plaintiff's complaint, Lockheed’s actions toward him were in retaliation for, and as a result of, his reports that his supervisors had violated CERCLA.

Plaintiff filed a charge with the United States Department of Labor (Department) pursuant to the retaliatory discharge provision of CERCLA (42 U.S.C. §9610 (1994)).  Following an investigation, the Department determined the charges were well-founded and ordered Lockheed to reinstate plaintiff to his employment.  Lockheed appealed the order and the case was assigned to a Department  administrative law judge (ALJ).

Later, plaintiff filed a complaint in the state circuit court against Lockheed which alleged, 
inter alia
, retaliatory discharge.  The next day, plaintiff notified the ALJ of  the state circuit court case and indicated his  desire to terminate the Department proceeding.

Plaintiff asked Lockheed to stipulate to a dismissal of the Department proceeding.  Lockheed refused unless the dismissal was “with prejudice.”  Plaintiff rejected Lockheed’s offer and moved to stay the Department proceeding while he prosecuted his claim in state circuit court.  Lockheed objected to a stay and moved for dismissal of the Department proceeding with prejudice.

The ALJ denied both the motion for a stay and the motion for dismissal with prejudice and entered two amended scheduling orders.  Based upon those orders, Lockheed pressed to take plaintiff's deposition.  Plaintiff refused and moved for voluntary dismissal of the Department proceeding explaining, “Complainant Wenig has elected to prosecute his actions solely in the Circuit Court of Cook County  where his lawsuit has been docketed as 95 L 8953.”  Lockheed  had no objection to the dismissal, but insisted that it should be “with prejudice” so plaintiff would have “no further recourse to the Department of Labor.”   (Emphasis omitted.)

Citing this procedural history, the ALJ issued an order to show cause why the Department proceeding should not be dismissed with prejudice.  Plaintiff did not respond and the ALJ dismissed the Department proceeding with prejudice.

Based upon the “with prejudice” language in the ALJ’s dismissal order,  Lockheed raised 
res judicata
 as an affirmative defense in plaintiff’s state circuit court case.  Plaintiff argued that 
res judicata
 does not apply unless the prior adjudication is “on the merits” and that the Department proceeding had not addressed the merits of the claim.  Lockheed  argued that the ALJ applied Rule 41(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 41(b)) and, thus, the dismissal was an adjudication on the merits.  Initially, the circuit court agreed with plaintiff and dismissed, 
inter alia
, Lockheed’s  
res
 
judicata
 affirmative defense.  However, while the parties prepared for trial in the state circuit court, a new judge assumed the case and plaintiff filed a second amended complaint.  Lockheed resurrected its 
res judicata
 defense and presented it to the new judge as a motion to dismiss the second amended complaint.  The circuit court, by the new judge, granted Lockheed’s motion and entered an order stating there were no just grounds to delay the appeal under Supreme Court Rule 304(a).  155 Ill. 2d R. 304(a).  Plaintiff filed his notice of appeal as to the second amended complaint.

Meanwhile, plaintiff obtained  leave to file a third amended complaint in order to add Lockheed Martin (created from the merger of Lockheed Corporation and Martin-Marietta Corporation) and Lockheed Martin Advanced Environmental Systems (the successor to the original defendant, Lockheed Environmental Systems and Technologies, Inc.) as defendants.  The new judge granted the request for leave to file the third amended complaint over Lockheed’s objections, but  then dismissed it as being barred by 
res  judicata
 as to the new defendants.  Plaintiff filed his notice of appeal as to the third amended complaint.  The two cases were consolidated on appeal.

The doctrine of 
res judicata
 bars the refiling of an action previously adjudicated on the merits when the action is directed against the same parties and involves the same claims. 
Rein v. David A. Noyes & Co.
, 172 Ill. 2d 325, 334, 665 N.E.2d 1199 (1996).  The doctrine applies if three conditions are satisfied: (1) a final judgment on the merits has been entered in the first lawsuit by a court of competent jurisdiction; (2) an identity of causes of action exists; (3) the parties or their privies are identical in both lawsuits. 
Rein
, 172 Ill. 2d at 335.  Here, there is no issue as to criterion (2) or (3).  The question is whether the ALJ’s dismissal of plaintiff’s Department proceeding with prejudice for failure to prosecute constitutes a final judgment on the merits [that] has been entered in the first lawsuit by a court of competent jurisdiction.

Historically, courts refused to give administrative decisions 
res judicata
 effect because administrative agencies are instruments of executive power, not courts of law.  See, 
e.g.
 
Pearson v. Williams
, 202 U.S. 281, 284-85, 26 S. Ct. 608, 610 (1906); 
Churchill Tabernacle v. Federal Communications Comm'n
, 160 F.2d 244, 246 (D.C. Circ. 1947); 
Jager v. Illinois Liquor Control Comm'n
, 74 Ill. App. 3d 33, 43, 392 N.E.2d 176, 183 (1979).  However, given the proliferation of administrative hearings in the last half century, the United States Supreme Court eased the strictness of this rule reasoning that when an administrative agency acts in a judicial capacity and resolves disputed issues of fact properly before it which the parties had an adequate opportunity to litigate there is "neither need nor justification for a second evidentiary hearing on these matters already resolved as between these two parties."  
United States v. Utah Construction & Mining Co.
, 384 U.S. 394, 422, 16 L. Ed. 2d 642, 661, 86 S. Ct. 1545, 1560 (1966).  See also 
Kremer v. Chemical Construction Corp.
, 456 U.S. 461, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982); 
Astoria Federal Savings & Loan Ass'n v. Solimino
, 501 U.S. 104, 107, 111 S. Ct. 2166, 2169, 115 L. Ed. 2d 96, 104 (1991).   An agency is said to act in a judicial capacity when it provides: “(1) representation by counsel, (2) pretrial discovery, (3) the opportunity to present memoranda of law, (4) examination and cross-

examination at the hearing, (5) the opportunity to introduce exhibits, (6) the chance to object to evidence at the hearing, and (7) final findings of fact and conclusions of law.”  
Reed v. AMAX Coal Co.
, 971 F.2d 1295, 1300 (7
th
 Cir. 1992).  Thus, the current rule regarding administrative 
res judicata
  provides that “[w]hen an agency conducts a trial-type hearing, makes findings, and applies the law, the reasons for treating a decision as res judicata are the same as the reasons for applying res judicata to a decision of a court that has used the same procedure.”  
Drummond v. Commissioner of Social Security
, 126 F.3d 837, 841 (6
th
 Cir. 1997), (citing K. K. Davis, Administrative Law Treatise §13.3 (3d ed. 1994).  

Illinois courts accept and adopt this analysis.   
Raper v. Hazelett & Erdal
, 114 Ill. App. 3d 649, 652, 449 N.E.2d268, 270 (1983), quoted 
Utah Construction
 with approval regarding the general principles of 
res judicata
 despite a resolution on other grounds.  More recently, the court in 
Powers v. Arachnid, Inc.
, 248 Ill. App. 3d 134, 617 N.E.2d 864 (1993), provided a thoughtful analysis of administrative 
res judicata
.  In all six cases discussed by the 
Powers
 court (
Osborne v. Kelly
, 207 Ill. App. 3d 488, 565 N.E.2d 1340 (1991), 
McCulla  v. Industrial Comm'n
, 232 Ill. App. 3d 517, 597 N.E.2d 875 (1992); 
Pedigo v. Johnson
, 130 Ill. App. 3d 392, 474 N.E.2d 430 (1985); 
Martinez v. Admiral Maintenance Service
, 157 Ill. App. 3d 682, 510 N.E.2d 1122 (1987); 
Colvett v. L. Karp & Sons, Inc.
, 211 Ill. App. 3d 731, 570 N.E.2d 611 (1991); 
Mitchell v. Jewel Food Stores
, 142 Ill. 2d 152, 568 N.E.2d 827 (1990)), the question of 
res judicata
 arose only after the administrative agency conducted a hearing on the merits of the controversy before it and made findings of fact on contested issues. 

Allahar v. Zahora
, 59 F.3d 693 (7
th
 Cir. 1995), is instructive.  There, the Allahars  filed a claim with the Illinois Department of Human Rights (IDHR) alleging  Zahora had violated their civil rights.  Shortly thereafter, the Allahars filed a similar claim in federal district court and notified the IDHR that they wished to withdraw their IDHR claim.  However,  the IDHR dismissed the Allahars' administrative complaint for failure to comply with its procedures because the Allahars failed to complete the paperwork attendant to a voluntary withdrawal.  

Later, in the federal district court, Zahora moved for summary judgment claiming the IDHR dismissal barred the Allahars' federal district court claim under the doctrine of 
res judicata
 because the IDHR dismissal was an adjudication on the merits of the same claim.  The federal district court disagreed and denied the motion for summary judgement.

The seventh circuit upheld the denial of Zahora’s motion, stating:

“Agency decisions may have a preclusive effect, but only in the limited area of factfinding. '[F]ederal courts must give the agency’s 
fact-finding
 the same preclusive effect to which it would be entitled in the State’s courts.'  
University of Tennessee v. Elliott
, 478 U.S. 788, 799, 106 S.Ct. 3220, 3226, 92 L. Ed. 2d 635 (1986) (emphasis added).

In this case, however, there was no hearing on the merits or factfinding by the IDHR prior to dismissal.  The Allahars merely filed the case and then failed to complete the requisite paperwork for a voluntary dismissal.  The IDHR’s dismissal was certainly not based on the merits of the case nor did any factfinding occur at that juncture.  The IDHR’s dismissal was a self-defined action of administrative closure a dismissal prompted by the Allahars’ stated intent to withdraw the claim.  This occurred before any factfinding or consideration of the case by the IDHR.”  59 F.3d at 696.

Here, as in 
Allahar
, the dismissal of plaintiff’s Department proceeding was not the result of a hearing on the merits or fact finding by the ALJ, but the result of plaintiff’s efforts to withdraw his Department proceeding so he could proceed against Lockheed in the state circuit court. Moreover, the record reveals the ALJ added the “with prejudice” language to its dismissal order to prevent plaintiff from reinstating his Department proceeding if the state circuit court case did not proceed to his  satisfaction, not to prevent plaintiff from proceeding with the state circuit court case.  Accordingly, dismissal of plaintiff’s state circuit court case based upon administrative 
res judicata
 was error.

Lockheed, nevertheless, contends that because the  dismissal of plaintiff’s Department proceeding was entered pursuant to Federal Rule of Civil Procedure 41(b), which states that a dismissal for failure to prosecute “operates as an adjudication upon the merits,” plaintiff’s state circuit court claim is 
res judicata
.   In support, Lockheed relies
 upon 
Blaszczak v. City of Palos Hills
, 123 Ill. App. 3d 699, 463 N.E.2d 762 (1984), and 
Martin-Trigona v. Gouletas
, 105 Ill. App. 3d 28, 433 N.E.2d 1132 (1982).

The Federal Rules of Civil Procedure may be adopted by a federal agency for its own use, but federal administrative rules do not bind the state courts.  Fed. R. Civ. P. 1 (stating that the Federal Rule of Civil Procedure govern the procedure of the United States district courts); Fed. R. Civ. P. 81 (applicability  in general).  Thus, although the Department adopted the Federal Rules of Civil Procedure for its own use and the ALJ dismissed plaintiff’s Department proceeding pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, Illinois courts are not bound to accept that this was an “adjudication on the merits” warranting dismissal of plaintiff’s state circuit court case as being barred by 
res judicata
.   Lockheed’s reliance on 
Blaszczak
 and 
Martin-Trigona
 is misplaced.  
Blaszczak
 and 
Martin-Trigona
 involved the dismissal of a federal district court claim pursuant to Federal Rule of Civil Procedure 41(b) as the basis for 
res judicata
, not the dismissal of a federal agency decision based upon an administrative rule, patterned after Federal Rule of Civil Procedure 41(b), as the basis for 
res judicata
.  The distinction makes a difference.   As 
Utah Construction
 and its progeny make clear, federal administrative 
res judicata
 applies only when the administrative agency acts in a judicial capacity to resolve disputed issues of fact which the parties had an adequate opportunity to litigate.

Here, the ALJ issued scheduling orders and considered the parties’ arguments as to plaintiff’s efforts to voluntarily dismiss the Department proceeding.  However, the ALJ conducted no hearing on the merits of the case and resolved no disputed issues of fact.  Thus, the orders of the circuit court dismissing plaintiff's state statutory  retaliatory discharge action as being barred by 
res judicata
 were error.   

Accordingly, we reverse the orders of the circuit court dismissing plaintiff’s state statutory  retaliatory discharge action and remand the matter for further proceedings.

Reversed and remanded.

ZWICK, P.J., and CAMPBELL, J., concur.