### SIMPSON v. OIL TRANSFER CORPORATION.

District Court, N. D. New York.
Jan. 13, 1948.

Spira & Hershkowitz, of Schenectady (L. W. Spirs, of Schenectady, of counsel), for plaintiff.

Maynard & O'Connor, of Schenectady (G. W. O'Connor, of Schenectady, of counsel), for defendant.

Nathaniel L. Goldstein, Atty. Gen., of N. Y., for Francis R. Curran, of Poughkeepsie, amicus curiæ.

BRENNAN, District Judge.

Defendant moves to dismiss the complaint herein under the provisions of Federal Rules of Civil Procedure, rule 12(b) (6), 28 U.S.C.A. following section 723c. The basis of the motion is that the complaint fails to state a claim upon which relief can be granted.

The action originated in the Supreme Court of the State of New York and was removed to this Court because of the diversity of citizenship of the parties involved. It is an action in tort, based upon defamations alleged to have been spoken and written by the defendant of and concerning the plaintiff. The facts as they appear upon this motion may be concisely stated as follows.

Plaintiff was employed by the defendant as a master mariner from about July 1, 1945, through October 23, 1945, when such employment was terminated at the instance of the defendant. A letter was given to plaintiff by the defendant at or about that time, the contents of which is not set forth in the complaint, but which apparently failed to recommend the plaintiff for efficiency of service, and merely·stated that he was employed as above set forth, or "put in his time" during that period. Later the plaintiff made application for unemployment insurance benefits claimed to be due him under the laws of the State of New York, and defendant was requested in writing by the representatives of the Labor Department to advise in some detail as to the reason for the termination of the employment as above stated. The defendant replied to such request in three separate letters. Certain statements taken from the letters are set forth in paragraphs "Twenty-Fifth" and "Twenty-Sixth" of the complaint. They are as follows: "employee was not working to its satisfaction and was disobeying orders," "that a discrepancy in the vessel's expense was found," "the employer suffered a loss which it was willing to forget," "we also found a discrepancy in his vessel expense account which money is furnished for vessel and food."

The complaint alleges that the quotations taken from the letters sent by the defendant to the Labor Department were false and libelous and tended to injure the plaintiff in his profession.

The importance of this motion arises out of the fact that, as alleged in the com-

plaint, the parties hereto are subject to certain provisions of the Labor Law of the State of New York, Consol.Laws, c. 31, which provides in Section 537 that information acquired from employers or employees shall be for the exclusive use and information of the Commissioner in the discharge of his duties, and shall not be open to the public nor used in any court in any action or proceeding pending therein, unless the Commissioner is a party to such action. It further provides that any officer or employee of the state who, without the authority of the Commissioner or the requirement of law, shall disclose such information shall be guilty of a misdemeanor. Section 592(2) provides in substance that where an employee has lost his employment through misconduct, his unemployment benefit rights shall be suspended for a period of seven weeks.

The Industrial Commissioner has been given the power to make rules and regulations in the administration of the law. He has provided in Regulation No. 28 that every employer shall upon request submit to the office of the division of placement and unemployment insurance, where a claim for benefits is filed by an employee, a statement giving the date of and reasons for his separation from service; such information to be furnished within four days of the receipt by the employer of a request therefor. The Penal Law of the State of New York, Consol.Laws, c. 40, § 1275, provides that any person who violates any of the regulations of the Industrial Commissioner or fails to comply therewith shall be guilty of a misdemeanor, and subject to punishment.

Here an employee is discharged. He makes application for benefits. In order to act upon the application, information is requested from his former employer. The employer under the compulsion of law complies with the request.

The real question here is the determination of the sufficiency of a cause of action based upon a writing filed with a state administrative agency in pursuance to statute where it is provided by law that such writing is secret, and shall not be used in any court. The determination of the question is of vital interest to the State of New

York, and the Attorney General has filed a brief upon this motion. In fact, it is important throughout the United States, since most of the states have similar unemployment insurance laws and similar regulations affecting the administration thereof.

The defendant urges that the writings referred to in the complaint are absolutely privileged, and that to hold otherwise would be to subject it to criminal proceedings in the state courts, or to expose it to a civil action in the event that the information furnished reflected upon the character or ability of the employee. The State of New York takes a similar position. The plaintiff claims that if a privilege exists at all, it is limited in its nature, and that actual malice would destroy the privilege.

■ This motion must be decided in accordance with the laws of the State of New York.

"The essence of diversity jurisdiction is that a federal court enforces State law and State policy." Angel v. Bullington, 330 U.S. 183, at page 191, 67 S.Ct. 657, at page 662.

"What is more important, diversity jurisdiction must follow State law and policy." Supra 330 U.S. at page 192, 67 S.Ct. at page 662.

"But since a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State it cannot afford recovery if the right to recover is made unavailable by the State nor can it substantially affect the enforcement of the right as given by the State." Guaranty Trust Co. v. York, 326 U.S. 99 at pages 108, 109, 65 S.Ct. 1464, at page 1469, 89 L.Ed. 2079, 160 A.L.R. 1231.

"So far as the wrong consisted of publishing the article in New York, the decisions of the courts of that state are authoritative for us under now familiar principles." Grant v. Reader's Digest Ass'n, 2 Cir., 151 F.2d 733, at page 734.

If, then, this question has been passed upon by the courts of New York State, their decision must be followed. The reported decision of Andrews v. Cacchio, 264 A.D. 791, 35 N.Y.S.2d 259, is applicable.

That was an action brought to recover for personal injury. The Department of Labor of the state was served with a subpoena to produce before the trial court all records relating to Andrews' unemployment insurance benefits, and representations made by her relative to her physical condition. The Appellate Division of the Supreme Court held in substance that the records might not be produced, and that Section 524 of the Labor Law, from which present Sec. 537 is derived, prohibiting the use of such records was effective. The rationale of that decision is applicable here.

"Being the last decision of the state courts, it is conclusive upon us * * *." Grant v. Reader's Digest Ass'n, supra.

This conclusion is in accord with all cases involving the point at issue which have come to the court's attention. Stafney v. Standard Oil Co., 299 N.W. 582, 136 A.L.R. 535; Moon v. Capital Cleaners District Court of Idaho; Decision filed in Clerk's Office of The County of Ada, November 13, 1939.[1]

The declared public policy of the state in the enactment of the legislation referred to herein seems to be " * * * the public good and the well-being of the wage earners * * *." Labor Law, § 501. The Act may only be properly administered when interpreted so as to encourage full, free and honest reports from both employer and employee, where such reports are the bases of administrative action in the enforcement of the law. Practical considerations, the public good, and the public policy as expressed and as interpreted in the decisions of state courts all lead to the conclusion that pertinent information furnished, as in this case, may not be used in collateral litigation. No further discussion of absolute or qualified privilege is necessary.

■ It is apparent that the writings of the defendant referred to in the complaint were pertinent and relevant to a determination by the Commissioner of the plaintiff's right to unemployment benefits, and as such, they were privileged under the laws of the State of New York, and may not be used in any court therein. It follows that an action based thereon must be dismissed.

It is alleged in plaintiff's complaint that by reason of the letter written by defendant at the time of the termination of plaintiff's employment that prospective employers called the defendant by telephone and obtained information which precluded this plaintiff from obtaining a job or position; that the information obtained was untrue and libelous, importing the commission of a crime and stating that plaintiff was inefficient and incompetent in his professional conduct; that other statements were made by the employer which reflected unfavorably upon the plaintiff's ability to practice his profession as a master mariner.

■ While the allegations last above referred to conclude that the statements made to prospective employers are libelous, it is evident that plaintiff has attempted to set out a claim based upon slander for it is generally recognized that slander consists of oral or spoken defamation, as distinguished from written or printed defamation constituting libel.

■■ It does not require the citation of authorities to determine that the plaintiff's conclusion as to the contents and effect of a conversation between some officer or agent of the defendant and unknown prospective employers, who made inquiry of the defendant as the result of the letter of recommendation, is not actionable. It has long been held that defamatory words must be set forth in the complaint, if an action is to be based thereon. As indicated above, the law of the State of New York must be applied.

The complaint insofar as it attempts to set forth a claim of libel is dismissed as no amendments appear possible.

The complaint insofar as it attempts to set forth a claim of slander is dismissed, unless within twenty days after the service of a copy of the order granted herein, the plaintiff serve an amended complaint, as above indicated.

Ordered accordingly.

---

[1] No opinion for publication.