Walter A. Lynch, J.
Motion to dismiss complaint is granted. Plaintiff, an employee of the defendant, was discharged by his employer and made application for unemployment insurance and for employment to the State Department of Labor, Division of Employment, hereinafter referred to as the “ Department ”. Thereafter, in the course of processing the application, the Department made inquiry of the employer as to the reasons for plaintiff’s discharge and the employer, in a letter, made reply to the inquiry of the Department. It is alleged that the contents of the letter were false and defamatory and were made with malice. Defendants make this motion to dismiss on the ground that on its face the complaint does not state a cause of action. For the purpose of this motion the allegations of the complaint must be accepted as true.
It is unquestioned that the Department has the power to make regulations to implement the provisions of the Labor Law. Subdivision b of regulation 28 of the Regulations promulgated by the Industrial Commissioner pursuant to the Unemployment Insurance Law (Labor Law, art. 18) provides in brief that an employer, upon request by the Department, shall furnish the Department within seven days of the mailing or personal delivery of the request, the reasons for the employee’s separation. (N. T. Off. Comp, of Codes, Rules & Regulations, Yol. 3, pp. 907-908, as amd. eff. May 14, 1953, 9th Off. Supp., p. 450.) Failure to comply with the regulation is a misdemeanor (Penal Law, § 1275). Hence it is clear that defendant was under a duty to state the reasons for plaintiff’s discharge. Furthermore, because he is bound by the regulations and is subject to the Penal Law for failure to comply with the regulations the employer is protected by section 537 of the Labor Law, which provides that: “ 1. Use of information. Information acquired from employers or employees pursuant to this article shall be for the exclusive use and information of the commissioner in the discharge of his duties hereunder and shall not be open to the public nor be used in any court in any action or proceeding pending therein unless the commissioner is a party to such action or proceeding, notwithstanding any other provisions of law.”
Such report may not be used by an employee as the basis of a libel action against the employer.
*738 It appears to this court that the Legislature in its wisdom has weighed the benefits to the greater number by providing for confidential communications as against the damage that might be done to an individual by a malicious response to a Department inquiry and has decided in favor of the greater benefits to the greater number. Any other interpretation could well emasculate the Labor Law.