**Gertrude GOGGINS, Appellant,**

v.

**Irving N. HODDES, t/a Harris Beauty Supply Co., Appellee.**

**No. 5047.**

District of Columbia Court of Appeals.

Argued March 11, 1970.

Decided May 5, 1970.

---

Thurman L. Dodson, Washington, D. C., for appellant.

Marvin Michael Klein, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

PER CURIAM:

Appellant complained in the trial court that she was libelled when her employer filed an allegedly false report with the District Unemployment Compensation Board (hereinafter the Board) charging her with dishonesty in a deliberate attempt to cause her to lose unemployment benefits. The trial court granted the appellee-employer's motion for summary judgment. We affirm.

Pursuant to the provisions of D.C.Code 1967, § 46-313(b) the Board promulgated certain rules and regulations. One of them, Employer Regulation VIII, B(1), requires that

[w]henever a worker is separated from his employment permanently, for an indefinite period or for an expected duration of seven or more days, under conditions which may disqualify such worker from benefits pursuant to the provisions of section 10 of the Act, such worker's employer shall mail within forty-eight hours after such separation a Separation Report, on the form supplied by the Board of such notice, to the office of the Board at the address specified in such notice.

D.C.Code 1967, § 46-313(f) provides, in pertinent part, that information supplied the Board shall be confidential.[1] Except as provided in § 46-313(f), information obtained by the Board may not be divulged. D.C.Code 1967, § 46-317(b).

It appears that a report stating that appellant was "discharged for dishonesty, shortages in cash and stock * * *" was filed with the Board by her employer, for appellant was so notified by a Claims Deputy of the Board. This amounted to misconduct in the course of her work, the deputy said, which disqualified appellant from receiving unemployment benefits for a certain period of time.[2]

We hold that the court was correct in the grant of summary judgment. The communication alleged to have been made in this case is absolutely privileged and cannot form the basis of an action for libel. Simpson v. Oil Transfer Corporation, 75 F.Supp. 819 (N.D.N.Y.1948); Breuer v. Bo-Craft Enterprises, 8 Misc.2d 736, 170 N.Y.S.2d 631 (1957); Stafney v. Standard Oil Co., 71 N.D. 170, 299 N.W. 582, 136 A.L.R. 535 (1941).

Affirmed.

1. (f) DISCLOSURE OF INFORMATION.—Except as hereinafter otherwise provided, information obtained from any employing unit or individual pursuant to the administration of this chapter and determinations as to the benefit rights of any individual shall be held confidential and shall not be disclosed or be open to public inspection in any manner, whether by subpena or otherwise, revealing the individual's or employing unit's identity. Any claimant (or his legal representative) shall be supplied with information from the records of the division, to the extent necessary for the proper presentation of his claim in any proceeding under this chapter with respect thereto. * * *

2. D.C.Code 1967, § 46-310(b).