OPINION OF THE COURT
David B. Saxe, J.
This is a defamation action brought in Small Claims Court by a former employee against her employer for an alleged libel resulting from the sending of a letter to the New . York State Department of Labor concerning claimant’s application for unemployment compensation. The issue raised on this motion is whether claimant’s subpoena, seeking to obtain that letter as well as other records and documents from the Department of Labor, predicated upon her belief that ordinary pretrial disclosure as well as the provisions of the Freedom of Information Law (FOIL) entitle her to this information, should be quashed, based *806 upon the State’s contention that the furnishing of such information would violate a statutory proscription against disclosure (i.e., an express exception to FOIL) which is designed to insure the confidentiality of the unemployment insurance system. I hold that the State’s contention is the correct one and the subpoena should therefore be quashed.
The essential facts are as follows. Claimant Judith Clegg worked for a time on several assignments as a secretary for defendant Bon Temps. When work became unavailable through Bon Temps, claimant filed for unemployment benefits. In order to qualify for these benefits, claimant was required to submit a report to the New York State Unemployment Insurance Office concerning the nature of her employment with the defendant. That form was then forwarded by the unemployment office to Bon Temps for verification. In response to this inquiry regarding the claimant’s employment with the firm, the defendant, by its corporate president, sent a letter to the unemployment office stating in substance that the claimant had refused work that was offered to her. Claimant alleges that the defendant defamed her in this letter insofar as it stated that she refused employment. She steadfastly maintains that she never refused any offer of work — that any such imputation of sloth is defamatory. In addition, the claimant contends that the letter made disparaging reference to her decorum at the defendant’s place of business. The claimant seeks by means of the subpoena duces tecum, served here, to compel the production of documents and records (including the letter) that were directed to the Division of Employment of the New York State Department of Labor.
The Attorney-General has moved to quash the subpoena based on the statutory public interest privilege available to public agencies to prevent disclosure of certain information conveyed to government agencies from employees. The claimant contends that the motion to quash the subpoena in this case would contravene the legislative intent of New York’s Freedom of Information Law (Public Officers Law, §87).
Generally, the New York State Freedom of Information Law is to be liberally construed ond statutory exemptions *807 from disclosure must be narrowly interpreted in order to allow maximum access. (Matter of Zuckerman v New York State Bd. of Parole, 53 AD2d 405; Matter of Fink v Lefkowitz, 47 NY2d 567, 571.) Thus, “in the absence of statutory protection for the requested material, the Freedom of Information Law compels disclosure, not concealment.” (Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575, 580.)
In this case, statutory restrictions and exemptions to FOIL exist that make nondisclosure mandatory. The FOIL (Public Officers Law, § 87), in pertinent part, states:
“2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
“(a) are specifically exempted from disclosure by state or federal statute”. (Emphasis added.)
The specific exemption applicable here is found in subdivisions 1 and 2 of section 537 of the Labor Law which provides as follows:
“§ 537. Disclosure prohibited 1. Use of information. Information acquired from employers or employees pursuant to this article shall be for the exclusive use and information of the commissioner in the discharge of his duties hereunder and shall not be open to the public nor be used in any court in any action or proceeding pending therein unless the commissioner is a party to such action or proceeding, notwithstanding any other provisions of law. Such information insofar as it is material to the making and determination of a claim for benefits shall be available to the parties affected and, in the commissioner’s discretion, may be made available to the parties affected in connection with effecting placement.
“2. Penalties. Any officer or employee of the state, who without authority of the commissioner or as otherwise required by law, shall disclose such information shall be guilty of a misdemeanor.”
Is the material sought by claimant’s subpoena “specifically exempted” from FOIL by section 537 of the Labor Law? I hold that it is. It is clear that the statute states that *808 information provided by past employers, for example, shall not be open for public scrutiny unless the Commissioner of the State Labor Department is a party to the proceeding, which is not the case here. Therefore, since a statute must be given an interpretation consistent with its stated provisions and legislative intent (McKinneys Cons Laws of NY, Book 1, Statutes, § 73), the material sought is effectively exempted from disclosure.
The statute (Labor Law, § 537) promotes the concept that where “disclosure would be more harmful to the interests of the government than the interests of the party seeking the information, the overall public interest on balance would then be better served by nondisclosure”. (Cirale v 80 Pine St. Corp., 35 NY2d 113, 118.) Here, the legislative intent, arising from the need to encourage employers and employees to make honest reports, indicates that the requested disclosure would be harmful to the public interest.
Therefore, in this case, since the subpoenaed material is specifically exempted from public scrutiny, through Freedom of Information Law application or otherwise, the motion to quash is granted.
At the same time, Bon Temps, the defendant, has made a motion to dismiss the complaint. The complaint alleges a libel on the part of the defendant. Libel has been defined as “a written or printed statement or article * * * published of or concerning a living person, which is false and tends to injure his reputation and thereby exposes him to public hatred, contempt, scorn, obloquy, or shame.” (34 NY Jur, Libel and Slander, § 1.) Whether or not the communication by Bon Temps is sufficient, to satisfy a cause of action for libel is uncertain. What is clear is that if certain defenses are properly pleaded and proved in a libel action, they may as a matter of law effect the dismissal of the underlying action.
One such defense is privilege. The defense of privilege in a libel action has been defined as follows: “a communication fairly made by a person charged with some public or private duty, legal or moral, or in the conduct of his own affairs in a matter where his interest is concerned * * * privilege depends upon occasions or relationships and pro *809 tects a defendant even though the facts underlying the defamatory material turn out to be false.” (35 NY Jur, Libel and Slander, § 91.)
Was the defendant privileged in its communication with the State Department of Labor? I hold that the communication was privileged. The proscription against disclosure was designed to insure the confidentiality of the unemployment insurance system and is “in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to the plaintiff’s reputation.” (Prosser, Torts [4th ed], § 114.) Thus, even if the written words would otherwise have been considered defamatory, I hold that their communication under these circumstances was privileged.
The privileged nature of unemployment insurance records has been upheld. (See Simpson v Oil Transfer Corp., 75 F Supp 819; Andrews v Cacchio, 264 App Div 791.)
The law is clear that when a defendant employer writes to the Department of Labor concerning a former employee’s right to unemployment benefits, that writing is privileged and cannot be the basis for a libel action by the claimant employee. (See Graham v Seaway Radio, 216 NYS2d 52 [Supreme Ct, Jefferson County, 1961].)
Therefore, that much of the complaint that seeks damages for defamation resulting from Bon Temps’ letter to the State Unemployment Bureau is dismissed.
The claimant may at trial proceed with her claim based on the alleged defamation that occurred as a result of other statements not related to communications between Bon Temps and the State Unemployment Office.
I recognize that the Small Claims Court seeks to do substantial justice (1 CCA, § 1804), and promote a simplified form of procedure and practice. (See Javeline v Long Is. R. R. Co., 106 Misc 2d 814; Faby v Air France, NYLJ, April 8, 1982, p 14, col 4.) Although motion practice is generally discouraged, where, as here, the defendant has raised a clear issue of law on its motion to dismiss, resolution of that issue serves, rather than impedes, motions of substantial justice.