THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
GARY ELLIS *et al.*, Defendants-Appellees.

First District (1st Division)   Nos. 83—547, 83—723, 83—1629, 83—2192

Opinion filed October 15, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Mark L. Rotert, Assistant Attorney General, of counsel), for the People.

George S. Spataro, of Chicago, for appellee Udora Washington.

Steven Clark and Elizabeth Clarke, both of State Appellate Defender's Office, of Chicago, for appellee Elgena Saddler.

James J. Doherty, Public Defender, of Chicago (John T. Moran, Assistant Public Defender, of counsel), for appellee Valerie Coleman.

Louis B. Garippo, of Louis B. Garippo, Ltd., and Thomas A. Moore, both of Chicago, for other appellees.

JUSTICE McGLOON delivered the opinion of the court:

The Attorney General of the State of Illinois appeals from orders entered by the circuit court of Cook County dismissing felony theft indictments against 13 defendants. The appeals have been consolidated by this court because they concern a common issue: whether information protected from disclosure by statute can serve as the basis of a felony theft indictment.

We affirm.

Defendants were employed by the Chicago Transit Authority

(CTA) prior to being laid off from their jobs in late 1981 and early 1982. After applying for benefits under the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 300 *et seq.*), they began receiving benefit checks issued by the Illinois Department of Labor as unemployment compensation. In March 1982 the CTA reinstated defendants to their former status as paid employees. Thereafter, they continued to receive benefit checks. Upon receipt of each check, the recipient certified that he or she was unemployed. Each of the defendants received between $148 and $198 every two weeks for at least six weeks after reinstatement.

Proceedings were conducted before the Cook County grand jury in September and October of 1982. During these proceedings, testimony was heard concerning each defendant's application for and receipt of unemployment benefits. The testimony was based on information supplied to the Department of Labor by the individual defendants pursuant to the Act. Indictments were returned charging each defendant with one count of felony theft over $300 in violation of section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 16—1).

Motions to dismiss the various indictments were filed on behalf of the individual defendants. In each case, the trial court granted the defendants' motions. The trial courts' rulings were based on either a finding that the Act prohibits disclosure of information to the grand jury regarding unemployment compensation, or a finding that the benefit checks could not be aggregated to reach the statutory felony amount.

On appeal, the State contends that the legislature did not intend to cloak the fraudulent conduct alleged in the indictments with a privilege of confidentiality. It argues that the purpose of the privilege is to protect only honest disclosure of financial information and that the Act allows disclosure of fraudulent representations made to the Department of Labor. We disagree.

Resolution of the issues presented by this consolidated appeal depends on the proper interpretation of section 1900 of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 640), which provides:

> "Disclosure of information—Privileged communications. Except as is hereinafter provided in this Section, information obtained from any individual or employing unit pursuant to the administration of this Act shall be confidential and shall not be published or be open to public inspection, nor be used in any court in any action or proceeding pending therein, nor be admissible in evidence in any action or proceeding other than one arising

out of the provisions of this Act. ***"

It is a primary rule of statutory construction that the intention of the legislature be given effect. (*People v. Robinson* (1982), 89 Ill. 2d 469, 433 N.E.2d 674.) The statutory language itself is the best source for determining the intent of the drafters. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180.) Where the language used is clear and unambiguous, the proper function of the judiciary is to enforce the law as enacted by the legislature. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180.) Finally, in construing an Illinois statute, decisions of other States construing similar statutes are entitled to respect and consideration. *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 397 N.E.2d 511.

The only Illinois case construing section 1900 is *Smith v. Illinois Valley Ice Cream Co.* (1959), 20 Ill. App. 2d 312, 156 N.E.2d 361. In *Smith*, this court refused to allow the use of information regarding plaintiff's receipt of unemployment compensation benefits as evidence in a civil suit. While our research has disclosed no other Illinois cases on point, the privileged nature of unemployment insurance records has been upheld in other jurisdictions. (*Simpson v. Oil Transfer Corp.* (N.D. N.Y. 1948), 75 F. Supp. 819; *Andrews v. Cacchio* (1942), 264 App. Div. 791, 35 N.Y.S.2d 259; *Clegg v. Bon Temps, Ltd.* (1982), 114 Misc. 2d 805, 452 N.Y.S.2d 825; *Goggins v. Hoddes* (D.C. App. 1970), 265 A.2d 302.) The New York statute, which is similar to the Illinois statute, has consistently been interpreted as an absolute proscription against disclosure, designed to insure confidentiality of the unemployment insurance system. *Clegg v. Bon Temps, Ltd.* (1982), 114 Misc. 2d 805, 452 N.Y.S.2d 825; *Herald Co., Inc. v. Weisenberg* (1981), 115 Misc. 2d 426, 454 N.Y.S.2d 354, *rev'd on other grounds* (1982), 89 App. Div. 2d 224, 455 N.Y.S.2d 413, *aff'd* (1983), 59 N.Y.2d 378, 452 N.E.2d 1190, 465 N.Y.S.2d 862; *Breuer v. Bo-Craft Enterprises, Inc.* (1957), 8 Misc. 2d 736, 170 N.Y.S.2d 631.

An argument analogous to appellant's argument in the instant case was rejected by a Federal district court in *Simpson v. Oil Transfer Corp.* (N.D. N.Y. 1948), 75 F. Supp. 819. There, plaintiff argued that the privilege from disclosure is a limited privilege which is destroyed by actual malice. The court examined the public policy underlying enactment of the statute and concluded that information relating to unemployment benefits could not be used as evidence in collateral litigation. In so holding, the court reasoned that "[t]he Act may only be properly administered when interpreted so as to encourage full, free and honest reports from both employer and employee ***. Practical considerations, the public good, and the public policy as

expressed and as interpreted in the decisions of state courts all lead to [this] conclusion ***." 75 F. Supp. 819, 822.

We find the reasoning of these cases persuasive. The legislative mandate as expressed in the statute itself is clear and unambiguous. Information obtained in accordance with the Act shall not be used in any court in any action. (Ill. Rev. Stat. 1983, ch. 48, par. 640.) Section 1900 contains no exceptions allowing disclosure of fraudulent misrepresentations, and we will not infer such an exception.

In conclusion, we find that section 1900 of the Act was violated when testimony based on questionnaires completed by defendants and submitted to the Department of Labor was presented to the grand jury. The information is privileged and cannot be disclosed. Consequently, the dismissals of the indictments were proper. Having determined that the dismissals were proper, we need not address the other issues raised by the parties.

Judgment affirmed.

CAMPBELL and O'CONNOR, JJ., concur.