ELIZABETH C. HINOJOSA *et al.*, Plaintiffs-Appellees, v. JOSLYN CORPO-
RATION, Defendant (The Department of Employment Security *et al.*,
Contemnors-Appellants).

First District (1st Division)   No. 1—91—1991

Opinion filed May 2, 1994.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, So-
licitor General, and Susan Frederick Rhodes, Assistant Attorney General, of
counsel), for defendant and appellants.

Hefter & Radke, of Chicago (Daniel S. Hefter and Darcy L. Dulbis, of
counsel), for appellees.

JUSTICE MANNING delivered the opinion of the court:

On August 1988, plaintiffs, Elizabeth C. Hinojosa and Anna T. Obniski, were discharged from their jobs as factory workers by defendant Joslyn Corporation, their employer. Plaintiffs filed a breach of contract action against Joslyn.

During the pendency of the lawsuit, plaintiffs served the Illinois Department of Employment Security (IDES) with a subpoena *duces tecum* to produce documents pertaining to their unemployment benefits from Joslyn Corporation. On July 30, 1990, IDES returned the subpoena unanswered explaining that section 1900 of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 620) prohibited the requested disclosure and use of IDES records in any court in any pending action or proceeding.

On November 7, 1990, plaintiffs filed a motion for rule to show cause why IDES should not be held in contempt of court for failure to produce the documents requested in the subpoena. On November 20, 1990, IDES filed a motion to quash the subpoena arguing the records sought were privileged and not subject to use or disclosure pursuant to the Act.

Thereafter, plaintiffs filed a motion to compel IDES to comply with the subpoena. During the hearing on the motion held on March 13, 1991, counsel for defendant stated that the employer opposed the production of the documents since unemployment procedures are meant to be informal. On March 13, 1991, the court granted plaintiffs' motion to compel. The court found IDES was bound by the law as enunciated in *Howard v. Forbes* (1989), 185 Ill. App. 3d 148, 541 N.E.2d 685.

The court acknowledged IDES's dilemma and its representation that it would not comply with the court order because the law prohibited the release of IDES records. The court advised IDES to resolve the issue by appealing the order granting plaintiffs' motion to compel. On April 26, 1991, the court entered an order issuing the rule and setting a status hearing. On June 6, 1991, following a hearing on the rule to show cause, the court entered a final order holding IDES's chief legal counsel, Kathryn Spalding, in civil contempt and imposed a sanction of $1. Contemnors filed the instant appeal.

The issues on appeal are: (1) whether the statutory privilege of confidentiality of information under the Act prohibits the disclosure of IDES records to claimant for use in unrelated litigation; and (2) whether the finding of contempt should be vacated, where the record on appeal reveals that a public official's contempt is a purely formal one, motivated by a desire to obtain appellate review.

■ With respect to the propriety of releasing IDES records, laws prohibiting disclosure of unemployment compensation information are meant to further the administration of unemployment compensation laws by encouraging full and accurate reporting from claimants and their employers. (*United States v. Wilson* (7th Cir. 1992), 960 F.2d 48, 50.) The cloak of the statutory privilege of confidentiality created by this statute embraces all evidence concerning whether an individual is or is not receiving unemployment benefits, including information provided by the claimant or the employing unit. (*Lowrance v. Marion Pepsi-Cola Bottling Co.* (1991), 221 Ill. App. 3d 623, 627, 582 N.E.2d 725.) It is a primary rule of statutory construction that the intent of the legislature be given effect. *People v. Ellis* (1984), 128 Ill. App. 3d 180, 182, 470 N.E.2d 524.

Contemnors assert that the circuit court erred in not following the cases cited by IDES, in particular the decision of this appellate district in *Ellis* (128 Ill. App. 3d 180, 470 N.E.2d 524). The Illinois rule of *stare decisis* requires that in the absence of a supreme court decision directly on point, the circuit court must follow the precedent of the appellate court of its district. (*Sidwell v. Griggsville Community School District 4* (1991), 208 Ill. App. 3d 296, 299, 566 N.E.2d 838, 840, citing *Garcia v. Hynes & Howes Real Estate, Inc.* (1975), 29 Ill. App. 3d 479, 331 N.E.2d 634.) If no precedent exists in the appellate district, the circuit court may follow the precedent of another district. (*Sidwell*, 208 Ill. App. 3d at 299.) In the instant case, the circuit court erroneously followed the precedent in *Howard*, a fourth district case, and the statutory construction of section 1900 of the Act given by that court. (*Howard*, 185 Ill. App. 3d at 152.) At the time of the circuit court's decision, section 1900 of the Act provided, *inter alia*, as follows:

"Except as provided in this Section, information obtained from any individual or employing unit during the administration of this Act shall:

1. be confidential, [and]

* * *

4. not be admissible in evidence in any action or proceeding other than one arising out of this Act." Ill. Rev. Stat. 1989, ch. 48, par. 640(A).

"An individual or his duly authorized agent may be supplied with information from records only to the extent necessary for the proper presentation of his claim for benefits or with his existing or prospective rights to benefits." Ill. Rev. Stat. 1989, ch. 48, par. 640(C).

"An employing unit may be furnished with information, deemed

by the Director as necessary to enable it to fully discharge its obligations or safeguard its rights under the Act." Ill. Rev. Stat. 1989, ch. 48, par. 640(D).

"The Director may furnish any information that he may deem proper to any public officer or public agency of this or any other State or of the federal government dealing with:

\* \* \*

unemployment compensation." Ill. Rev. Stat. 1989, ch. 48, par. 640(E).

"Any officer or employee of this State who, except with authority of the Director under this Section, shall disclose information shall be guilty of a Class B misdemeanor and shall be disqualified from holding any appointment or employment by the State." Ill. Rev. Stat. 1989, ch. 48, par. 640(B).

In *Howard*, plaintiff Phyllis M. Howard filed a wrongful discharge action against her former employer, Normal Township, its supervisor, Robert D. Forbes, and its trustees, Wallis Norris, Robert L. Rhinehart, Ronald L. Pacha, and Cushman Skinner. On December 7, 1987, plaintiff served the Department of Employment Security (IDES) with a subpoena *duces tecum* for production of her unemployment insurance benefit claim records. IDES resisted the subpoena *duces tecum* on the basis the requested records constituted confidential information privileged from production under the Act. Plaintiff filed a motion to order production of the records on January 4, 1988. Following a hearing, on March 11, 1988, the McLean County circuit court ordered IDES to produce the requested records as the plaintiff had waived the statutory privilege by serving the subpoena *duces tecum* for her unemployment insurance benefit claim records in connection with litigation regarding discharge from employment. On June 28, 1988, pursuant to a stipulation entered into for the purpose of appeal, the circuit court entered a citation of enforcement. IDES appealed from the order of production and the citation. The appellate court affirmed, holding that the legislature must have intended the statutory privilege of confidentiality of information to benefit the claimant.

In contrast to *Howard*, the appellate court in *Ellis* upheld the trial court's decision to prohibit disclosure of information to the grand jury regarding unemployment compensation pursuant to the Act. The appellate court reasoned that the Act may only be properly administered when interpreted so as to encourage full, free and honest reports from both employer and employee and concluded that information related to unemployment compensation benefits could not be used as evidence in collateral litigation.

In *Ellis*, the defendants were employed by the Chicago Transit

Authority (CTA) prior to being laid off from their jobs in late 1981 and early 1982. After applying for unemployment insurance benefits, they began receiving benefit checks issued by the Illinois Department of Labor as unemployment compensation. In March of 1982, the CTA reinstated defendants to their former status as paid employees. However, they continued to receive benefit checks. Upon receipt of each check, each recipient certified that he or she was unemployed. Each of the defendants received between $148 and $198 every two weeks for at least six weeks after reinstatement. During the proceedings before the grand jury, the State presented testimony based on questionnaires completed by defendants for receipt of unemployment benefits and submitted to the Department of Labor. Defendants were subsequently indicted for felony theft. Motions to dismiss the indictments were filed on behalf of the individual defendants. In each case, the trial court granted the defendant's motion, ruling that information used in securing the indictments was obtained in violation of the Act.

In *Ellis*, the court relied upon *Simpson v. Oil Transfer Corp.* (N.D.N.Y. 1948), 75 F. Supp. 819. The *Simpson* court held the Act may only properly be administered when interpreted so as to encourage full, free and honest reports from both the employer and employee. The *Ellis* court also relied upon *Smith v. Illinois Valley Ice Cream Co.* (1959), 20 Ill. App. 2d 312, 156 N.E.2d 361. In *Smith*, the court refused to allow the use of information regarding plaintiff's receipt of unemployment compensation benefits as evidence in a civil suit.

In the instant case, plaintiffs sought disclosure of all documents and transcripts, including tape recordings of benefit hearings with respect to their unemployment benefits. Contemnors contend the records subpoenaed were privileged and not subject to use or disclosure pursuant to the Act, and in the trial court the defendant, Joslyn Corporation, agreed with contemnors and objected to the production of the records.

Where the language expressed in the statute is clear and unambiguous, the proper function of the judiciary is to enforce the law as enacted by the legislature. (*Ellis*, 128 Ill. App. 3d at 182.) While the language of section 1900 clearly and unambiguously provides for disclosure of information under certain circumstances, the statute states that an individual or his duly authorized agent may be supplied with information from records only to the extent necessary for the proper presentation of his claim for benefits or with his existing or prospective rights to benefits. (Ill. Rev. Stat. 1989, ch. 48, par. 640(C); 820 ILCS Ann. 405/1900(D) (Michie 1993).) According

to the statute, the Director may furnish any information that he may deem proper to any public officer or public agency of this or any other State or the Federal government dealing with unemployment compensation. (820 ILCS Ann. 405/1900(F)(3) (Michie 1993).) Typically, the statutory language is the best indicator of legislative intent, and when that language is clear and unambiguous, courts will not read into the statute exceptions, limitations and conditions. *People v. Goins* (1988), 119 Ill. 2d 259, 518 N.E.2d 1014.

Contemnors assert that the new section B and the new language of section D of the Act reaffirm the original intent of the legislature. The contemnors further assert that the amendments of the Act invalidate the ruling in *Howard*, where the court found that the legislature must have intended the statutory privilege of confidentiality of information to benefit the claimant. The contemnors contend that it is now clear (meaning based upon the amended Act) that the legislature did, in fact, intend the statute to prohibit disclosure of information for use in other pending actions to be absolute and non-waivable.

The amended section (C) of the Act contains the precise language of the previous section (B) of the Act. The language reads as follows:

> "Any officer or employee of this State who, except with authority of the Director under this Section, shall disclose information shall be guilty of a Class B misdemeanor and shall be disqualified from holding any appointment or employment by the State." 820 ILCS Ann. 405/1900(C) (Michie 1993).

However, the amended sections (D) and (E), which were previously sections (C) and (D), respectively, have added language which makes disclosure of information within the sole discretion of the Director and not subject to release or waiver by the individual or the employing unit. The revised statute contains the following additional language:

> "(D) Discretion to disclose this information belongs solely to the Director and is not subject to a release or waiver by the individual.
>
> (E) *** Discretion to disclose this information belongs solely to the Director and is not subject to a release or waiver by the employing unit." 820 ILCS Ann. 405/1900(D), (E) (Michie 1993).

The language of section (E)(3)[1] is precisely the same as the language of section (F)(3)[2], which provides an exception for disclosure of information dealing with unemployment compensation, as follows:

> "F. The Director may furnish any information that he may

---

[1]Prior to the amendment.

[2]After the amendment.

deem proper to any public officer or public agency of this or any other State or of the federal government dealing with:

* * *

unemployment compensation." (820 ILCS Ann. 405/1900(F)(3) (Michie 1993).)

Also, the amended section (B), which is completely new language, provides an exception for disclosure of information in any action arising out of this Act. Section (B) states:

"B. No finding, determination, decision, ruling or order (including any finding of fact, statement or conclusion made therein) issued pursuant to this Act shall be admissible or used in evidence in any action other than one arising out of this Act, nor shall it be binding or conclusive except as provided in this Act, nor shall it constitute res judicata, regardless of whether the actions were between the same or related parties or involved the same facts." 820 ILCS Ann. 405/1900(B) (Michie 1993).

A review of the revised statute reveals that the discretion to disclose information belongs solely to the Director and is not subject to release or waiver by the individual or the employing unit. The statute still clearly and unambiguously provides specific exceptions for disclosure of information dealing with unemployment compensation arising under the Act.

In the instant case, this court finds no exception for disclosure of information dealing with unemployment compensation arising under the Act for use in collateral litigation, in contrast to the reasoning advanced by the *Howard* court. We respectfully disagree with the *Howard* court. Information obtained in accordance with the Act cannot be used in any collateral litigation. *Lowrance*, 221 Ill. App. 3d at 626-27, citing *Ellis*, 128 Ill. App. 3d 180, 470 N.E.2d 524; *Smith*, 20 Ill. App. 2d 312, 156 N.E.2d 361.

Contemnors argue alternatively that the amendment of section 1900 that went into effect during the pendency of the appeal is to be applied by the appellate court. Plaintiffs counter with the argument that the amendment unequivocally destroys a preexisting right of statutory privilege of confidentiality of information under the Act and the right to waiver of the privilege. Plaintiffs contend that the amendment should not be given retroactive application.

■ This court concluded that plaintiffs were requesting IDES to produce documents for use in the unrelated pending civil circuit court case, which is prohibited under section 1900 of the Act. Information obtained in accordance with the Act could not be used in any collateral litigation. (*Ellis*, 128 Ill. App. 3d 180, 470 N.E.2d 524.) In view of the conclusion that the information requested is privileged, it

is not necessary to address whether the amendment should be given retrospective versus prospective application since the results would not change. Disclosure of the information requested is prohibited by section 1900 of the Act.

■ The next issue is whether the finding of contempt should be vacated, where the record on appeal reveals that a public official's contempt is a purely formal one, motivated by a desire to obtain appellate review. It has long been recognized that exposing one's self to contempt proceedings is an appropriate method of testing the validity of a court order. (*People v. Shukovsky* (1988), 128 Ill. 2d 210, 538 N.E.2d 444.) In the instant case, a review of the record reveals that the circuit court understood that Ms. Spalding declined to comply with its order to produce the requested information not out of disrespect for the court, but to obtain appellate review of a ruling that she felt was not free from doubt. In *Howard* (185 Ill. App. 3d at 153), where the parties stipulated the contempt order was a formal one since the motivation for the refusal to comply with the subpoena *duces tecum* was solely to permit appellate review of the question present, the finding of contempt and fine were vacated. Under these circumstances, when the record on appeal is a purely formal one motivated by a desire to obtain appellate review, it is appropriate for this court to vacate the contempt citation. (*Buss v. Edwards* (1990), 203 Ill. App. 3d 992, 998, 561 N.E.2d 356.) We, therefore, vacate the court's finding of contempt and the fine of $1.

Accordingly, for the foregoing reasons, the judgment of the circuit court in granting plaintiffs' motion to comply with the subpoena is reversed; the judgment holding IDES's chief legal counsel in civil contempt is vacated.

Reversed.

CAMPBELL, P.J., and O'CONNOR, J., concur.